[No. 4610–9–III.   Division Three.   September 28, 1982.]

THE STATE OF WASHINGTON, *Respondent,* v. JACK EDWARD HAUCK, *Appellant.*

*Richard L. Cease* and *John T. Rodgers* of *Spokane County Public Defender Association,* for appellant.

*Donald C. Brockett, Prosecuting Attorney,* and *Thomas R. Luciani, Deputy,* for respondent.

ROE, J.—Defendant Hauck appeals from the conviction for the crime of robbery in the first degree. Under RCW 9A.56.200, defendant may be found guilty of robbery in the first degree if he (a) is armed with a deadly weapon; or (b) displays what appears to be a firearm or other deadly weapon; or (c) inflicts bodily injury. Defendant was charged under (b) with displaying what appeared to be a firearm or other deadly weapon. The jury found him guilty of first degree robbery but also, in answer to a special interrogatory, found that he was not armed with a deadly weapon. Being armed with a deadly weapon is the requirement of the enhanced penalty statute under RCW 9.95.015, 9.95-.040. The only weapon presented in this case was a knife 6¾ inches in length which was the property of the victim and which, the evidence indicated, the defendant picked up

in the victim's presence. On appeal defendant argues that since this weapon is by legislative definition a deadly weapon and the jury by special verdict found he was not armed with a deadly weapon, he could not be guilty of first degree robbery because of the inconsistent verdict.

Where a special finding is susceptible to two constructions, one of which will support the general verdict and the other will not, that construction shall be adopted which will support the general verdict. *State v. Roberts,* 25 Wn. App. 830, 840, 611 P.2d 1297 (1980).

In *State v. Tongate,* 93 Wn.2d 751, 613 P.2d 121 (1980), interpreting the identical statute, it was stated that the jury could believe that a robber used a toy gun or other object that merely resembled a deadly weapon in the commission of a crime. Nonetheless, it could convict him of first degree robbery since he displayed what appeared to be a firearm or other deadly weapon. From this it follows that a person may be found guilty of robbery in the first degree even though he is not actually armed with a deadly weapon and inflicts no bodily injury.

The instructions did not define the difference between "armed" and "displayed". It may be that plaintiff "displayed" the knife which was 6¾ inches long, which is a deadly weapon under RCW 9A.04.110 and RCW 9.95.040, but that the jury did not equate that it would be the same as being "armed" with such a weapon. "Armed" and "displayed" do not mean the same. Under *Webster's Third New International Dictionary* 119 (1976), "armed" means "furnished with weapons of offense or defense: fortified, equipped . . . furnished with something that provides security, strength, or efficacy"; whereas, at page 654, "display" means "to spread before the view: exhibit to the sight or mind", "an exhibiting or showing of something". The jury may well have found that the victim's knife which the defendant picked up and displayed to the victim was shown and exhibited only, but that the defendant did not actually arm himself with it. Accordingly, we find no inconsistency

between the special interrogatory and the verdict, and the conviction is affirmed.

McINTURFF, C.J., and GREEN, J., concur.

Reconsideration denied October 29, 1982.

Review denied by Supreme Court February 18, 1983.