[No. 6558–8–III. Division Three. July 22, 1986.]

THE STATE OF WASHINGTON, *Respondent,* v. FRANK SABALA, *Appellant.*

*James E. Lobsenz, Wolfe & Cullen,* and *Thomas Bothwell,* for appellant.

*Jeffrey C. Sullivan, Prosecuting Attorney,* and *Robert N. Hackett, Jr., Deputy,* for respondent.

McINTURFF, A.C.J.—Frank Sabala appeals his conviction for possession of heroin with intent to deliver. In the findings of fact, the court noted Mr. Sabala was in possession of a firearm and deadly weapon as defined by RCW 9.41 and 9.95.040; Mr. Sabala contests that finding. We affirm.

On January 19, 1984, Mr. Sabala was driving his automobile, attempting to deliver in excess of 25 grams of heroin. The purchase of the heroin by Mr. Sabala had been arranged through the Yakima Police Department with the help of an unnamed informant. After making the purchase, Mr. Sabala was kept under surveillance until he was stopped by the police at the intersection of I–82 and Valley Mall Boulevard. Mr. Sabala was searched and heroin was found in his right sock; he was arrested. He consented to a search of the car, which produced a 9 mm. Baretta semi-automatic gun with a clip containing rounds of ammunition, found under the driver's seat. There was no testimony the gun was ever handled or displayed by him during the purchase of the narcotics.

Mr. Sabala contends the term, "armed with", as used in RCW 9.95.040, has a precise meaning as noted in *State v. Hauck,* 33 Wn. App. 75, 77, 651 P.2d 1092 (1982) and *State v. Eker,* 40 Wn. App. 134, 697 P.2d 273 (1985). He further asserts mere possession is not a sufficient basis for a finding the defendant was "armed".

The amended information charged Mr. Sabala with enhanced penalties under RCW 9.95.040 and former RCW 9.41.025. In its findings of fact concerning the firearm and deadly weapon allegations, the court noted Mr. Sabala was in possession of a firearm and a deadly weapon as defined by RCW 9.41 and 9.95.040 and that both statutes applied

to the commission of the felony. Further, in finding of fact 5 the court noted:

That Det. Heintz searched the driver's compartment of the vehicle and found directly beneath the driver's seat a 9 mm semi–automatic pistol, fully loaded. The pistol was placed on the floorboard in such a manner as it was easily accessible to the driver of the vehicle. The defendant was the driver of the vehicle at the time it was stopped, and had been for some period of time prior to the stop.

In conclusion of law 3 the court noted:

The defendant was armed or in possession of a firearm and a deadly weapon whereby certain mandatory sentencings are attributable to the defendant for the felony crime as charged.

Error has been assigned to both the findings and conclusion. The applicable statutes are former RCW 9.41.025[1] and RCW 9.95.040.[2] The firearm statute, RCW 9.41.025,

---

[1] Former RCW 9.41.025 provided:

"Committing crime when armed—Penalties—"Inherently dangerous" defined — Resisting arrest. (Effective until July 1, 1984.) Any person who shall commit or attempt to commit . . . any other felony which includes as an element of the crime the fact that the accused was armed with a firearm, or any misdemeanor or gross misdemeanor categorized herein as inherently dangerous, *while armed with, or in the possession of any firearm,* shall upon conviction, in addition to the penalty provided by statute for the crime committed without use or possession of a firearm, be imprisoned as herein provided: . . ." (Italics ours.) (Repealed by Laws of 1981, ch. 137, § 38; Laws of 1982, ch. 10, § 17; Laws of 1983, ch. 2, § 20; and Laws of 1984, ch. 209, § 31, all effective July 1, 1984.)

[2] Former RCW 9.95.040 provides:

"Board to fix duration of confinement—Minimum terms prescribed for certain cases. Within six months after the admission of a convicted person to the penitentiary, reformatory, or such other state penal institution as may hereafter be established, the board of prison terms and paroles shall fix the duration of his confinement. The term of imprisonment so fixed shall not exceed the maximum provided by law for the offense of which he was convicted or the maximum fixed by the court where the law does not provide for a maximum term.

"The following limitations are placed on the board of prison terms and paroles with regard to fixing the duration of confinement in certain cases, notwithstanding any provisions of law specifying a lesser sentence, to wit:

"(1) For a person not previously convicted of a felony *but armed with a deadly weapon* at the time of the commission of his offense, the duration of confinement shall not be fixed at less than five years.

"(2) For a person previously convicted of a felony either in this state or else-

since repealed, is distinguished from the deadly weapon statute, RCW 9.95.040, in that the former is directed to the sentencing court while the latter is directed to the parole board. *State v. McKim,* 98 Wn.2d 111, 114, 653 P.2d 1040 (1982).

 Mr. Sabala argues the language "armed with, *or* in the possession of" (italics ours) found in RCW 9.41.025 is different from the single term "armed with" used in RCW 9.95.040, citing *State v. Eker,* 40 Wn. App. 134, 139, 697 P.2d 273 (1985).

> The special verdicts were used only to invoke the penalty enhancement statutes. The questions were necessarily couched precisely in the language of the controlling statutes. One was in the disjunctive (armed with or in possession of); the other used the single term "armed with." As a practical matter, this difference obviously suggested to the jury that the two questions contemplated different—and not necessarily overlapping—elements.

However, this conclusion was reached in the context of reconciling what appeared to be inconsistent verdicts, where the court had the duty to harmonize them. *Eker,* at 140. Thus, *Eker* is not dispositive.

Mr. Sabala next argues the location of the gun under the driver's seat constituted only constructive possession which did not rise to the level of proof needed for "armed". *See State v. Hauck, supra,* which held showing a knife to a robbery victim was not the equivalent of being "armed with":

> "Armed" and "displayed" do not mean the same. Under *Webster's Third New International Dictionary* 119 (1976), "armed" means "furnished with weapons of offense or defense: fortified, equipped . . . furnished with something that provides security, strength, or efficacy"; whereas, at page 654, "display" means "to spread before the view: exhibit to the sight or mind", "an exhibiting or

---

where and *who was armed with a deadly weapon* at the time of the commission of his offense, the duration of confinement shall not be fixed at less than seven and one–half years." (Italics ours.)

showing of something". The jury may well have found that the victim's knife which the defendant picked up and displayed to the victim was shown and exhibited only, but that the defendant did not actually arm himself with it.

Note "armed" does not necessarily entail showing the weapon to the victim.

Other jurisdictions have defined "armed" in terms of a defendant who has a weapon which is readily available and accessible to his use for either offensive or defensive purposes. *State v. Romero,* 135 Ariz. 102, 659 P.2d 655, 658 (Ct. App. 1982); *People v. Miley,* 158 Cal. App. 3d 25, 204 Cal. Rptr. 347, 351 (1984); *People v. Stiltner,* 132 Cal. App. 3d 216, 182 Cal. Rptr. 790, 799 (1982); *People v. Reaves,* 42 Cal. App. 3d 852, 117 Cal. Rptr. 163, 166 (1974); *State v. Anderson,* 178 Conn. 287, 422 A.2d 323, 327 (1979); *State v. Farmer,* 324 A.2d 739, 743 (Me. 1974); *People v. Tracey A.,* 97 Misc. 2d 1053, 413 N.Y.S.2d 92, 94 (1979); *Curl v. State,* 40 Wis. 2d 474, 162 N.W.2d 77, 80, 84 (1968); *Mularkey v. State,* 201 Wis. 429, 432, 230 N.W. 76, 77 (1930) (driver of auto is armed where he has weapon on shelf in back of his seat).

Here, Mr. Sabala was the driver of the car; the gun, fully loaded, was located beneath the driver's seat, with the grip easily accessible to anyone sitting above it. Proof that defendant was armed must be shown beyond a reasonable doubt, *State v. Tongate,* 93 Wn.2d 751, 754, 613 P.2d 121 (1980), even though the finding is not an element of the crime charged. *State v. Jackson,* 70 Wn.2d 498, 502, 424 P.2d 313 (1967). Mr. Sabala does not dispute the gun was there nor that it was his; further, the State's witness testified it was easily visible to anyone leaning into the car. Thus, there was sufficient evidence to support the finding the gun was easily accessible and readily available for use by the defendant for either offensive or defensive purposes. We find no error in the trial court's conclusion Mr. Sabala was armed.

Next, Mr. Sabala contends he was denied his constitu-

tional right to bear arms because there was no nexus between the gun found in his car and the crime, citing *State v. Rupe,* 101 Wn.2d 664, 683 P.2d 571 (1984).

Assuming, arguendo, the 1984 *Rupe* decision can be applied to this case, it is distinguishable. In *Rupe,* a defense motion was denied which would have excluded evidence relating to various weapons found in defendant's home. The Supreme Court, in overruling the death penalty later imposed, concluded an adverse inference had been drawn from the defendant's mere possession of the firearms. Additionally, the weapons had no connection with the crime and were, in fact, legally owned. *Rupe,* at 707.

However, as noted in *Rupe,* at 707 n.9, the right to bear arms is subject to reasonable regulation by the State under its police power (citing *State v. Krantz,* 24 Wn.2d 350, 353, 164 P.2d 453 (1945)). The right does not extend to one who is in the process of committing a crime. *State v. Russell,* 25 Wn. App. 933, 939, 611 P.2d 1320 (1980). The evidence discloses there was a sufficient nexus between the location and position of the gun, the fact it was fully loaded, and available for use by the driver of the vehicle, Mr. Sabala.

The judgment of the Superior Court is affirmed.

MUNSON and THOMPSON, JJ., concur.