[No. 13313-3-III.    Division Three.    September 27, 1994.]

THE STATE OF WASHINGTON, *Respondent,* v. DAVID DUANE CALL, *Appellant.*

---

*James J. Barlow* and *Melvin D. Hoit, Legal Intern,* for appellant.

*Donald C. Brockett, Prosecuting Attorney,* and *John Grasso, Deputy,* for respondent.

MUNSON, J. — David Call appeals the sentence imposed following his conviction of three counts of possession of a controlled substance. He contends the facts found by the trial judge are insufficient to support imposition of the 12-month sentence enhancement based on the court's conclusion he committed an offense while armed with a deadly weapon. We reverse the sentence enhancement.

The trial court's unchallenged findings set forth the following facts:

Spokane police officers went to Mr. Call's home to arrest him on three outstanding warrants. After Mr. Call answered the door he went to his bedroom to retrieve his identification. He returned unarmed.

While in the house, the officers saw what they suspected to be illegal drugs. They obtained a warrant, searched the home, and found cocaine, LSD, marijuana, and a marijuana grow operation. They also found two unloaded handguns in Mr. Call's bedroom and a loaded handgun in a toolbox therein. Numerous documents found in the house established Mr. Call had dominion and control of the premises and thus was in constructive possession of the handguns.

Based on these facts, the trial court concluded Mr. Call committed the offense of possession of marijuana with intent to manufacture while armed with a deadly weapon, and imposed the 12-month sentence enhancement.

Mr. Call contends the court's finding he "was in constructive possession of the three (3) handguns" was insufficient to support the conclusion he was armed with a deadly weapon and consequently the imposition of an enhanced sentence pursuant to RCW 9.94A.125[1] and RCW 9.94A.310(3)(c)[2] was error.

---

[1]RCW 9.94A.125 states:

"In a criminal case wherein there has been a special allegation and evidence establishing that the accused or an accomplice was armed with a deadly weapon at the time of the commission of the crime, the court shall make a finding of fact of whether or not the accused or an accomplice was armed with a deadly weapon at the time of the commission of the crime, or if a jury trial is had, the jury shall, if it find[s] the defendant guilty, also find a special verdict as to whether or not the defendant or an accomplice was armed with a deadly weapon at the time of the commission of the crime.

"For purposes of this section, a deadly weapon is an implement or instrument which has the capacity to inflict death and from the manner in which it is used, is likely to produce or may easily and readily produce death. The following instruments are included in the term deadly weapon: Blackjack, sling shot, billy, sand club, sandbag, metal knuckles, any dirk, dagger, pistol, revolver, or any other firearm, any knife having a blade longer than three inches, any razor with an unguarded blade, any metal pipe or bar used or intended to be used as a club, any explosive, and any weapon containing poisonous or injurious gas."

[2]RCW 9.94A.310(3) reads:

"The following additional times shall be added to the presumptive sentence if the offender or an accomplice was armed with a deadly weapon as defined in this chapter and the offender is being sentenced for one of the crimes listed in this subsection. If the offender or an accomplice was armed with a deadly weapon and the offender is being sentenced for an anticipatory offense under chapter 9A.28 RCW to commit one of the crimes listed in this subsection, the following times

■ The sentence enhancement statute only applies if the defendant was "armed" while committing a crime. "A person is 'armed' if a weapon is easily accessible and readily available for use, either for offensive or defensive purposes." *State v. Valdobinos*, 122 Wn.2d 270, 281-82, 858 P.2d 199 (1993); *State v. Sabala*, 44 Wn. App. 444, 448, 723 P.2d 5 (1986). *Valdobinos* held evidence a gun was found under the defendant's bed was insufficient to support giving a jury instruction on a deadly weapon charge under RCW 9.94A.125. *Sabala*, at 448, expressly found that a gun which was under the defendant's seat in the car he was in and was easily visible was "easily accessible and readily available for use by the defendant for either offensive or defensive purposes." The opinion held this was sufficient to support the trial court's conclusion he was armed.

■ Here, the trial court's findings relating to the guns in Mr. Call's bedroom establish constructive possession of the weapons, but fail to address the essential question, namely whether any of the weapons was easily accessible and readily available. The findings are insufficient to support imposition of an enhanced sentence under RCW 9.94A.310(3)(c), and the sentence must be stricken.

The only evidence relating to availability of the guns was the police officer's testimony he "found two in a dresser drawer within the bedroom against the south wall of the bedroom, and one in a tool box at the foot — foot of the bed . . .". Mr. Call had gone to the bedroom and returned unarmed. This is not sufficient evidence to support a finding the guns were easily accessible and readily available.

---

shall be added to the presumptive range determined under subsection (2) of this section:

"  . . . .

"(c) 12 months for Assault 2 (RCW 9A.36.020 or 9A.36.021), Assault of a Child 2 (RCW 9A.36.130), Escape 1 (RCW 9A.76.110), Kidnapping 2 (RCW 9A.40.030), Burglary 2 of a building other than a dwelling (RCW 9A.52.030), Theft of Livestock 1 or 2 (RCW 9A.56.080), or any drug offense."

Reversed for resentencing.

THOMPSON, C.J., and SWEENEY, J., concur.