Seinfeld, C.J.
 

 David Mills appeals both his conviction for possessing methamphetamine with intent to deliver and his sentence enhancement for being armed with a deadly weapon during the commission of the crime. He claims the trial court erred in denying his motion to
 
 *233
 
 suppress evidence and in concluding that he was "armed” with a gun that happened to be several miles away at the time of his arrest. In his pro se brief, Mills challenges the State’s failure to elect which of two acts of possession it was charging. We affirm the conviction and reverse the sentence enhancement.
 

 Facts
 

 When Sheriff Deputy Aust went to Mills’s residence to serve him with civil process, Deputy Aust observed Mills exit and then reenter a vehicle parked on the adjacent street. Mills appeared to be rearranging something inside. Mills then approached Deputy Aust and identified himself.
 

 Deputy Aust was suspicious and asked for permission to look in Mills’s vehicle. According to Deputy Aust, Mills orally consented but refused to sign a consent form. Deputy Aust discovered a plastic baggie containing a small amount of methamphetamine in the car.
 

 Deputy Aust arrested Mills and placed him in custody in the back seat of the patrol car. Mills again began making furtive movements. At this point, Deputy Aust removed Mills from the patrol car and searched between the car seat cushions. Thére the deputy discovered a motel key.
 

 Deputy Aust obtained a search warrant for the motel room to which the key belonged. That search yielded 118 grams of methamphetamine and a pistol in a gun pouch lying beside the narcotics. Following a bench trial, the court found Mills guilty of the unlawful possession of a controlled substance, methamphetamine, with intent to deliver; it also found that he was armed with a deadly weapon at the time he committed the offense. Consequently, the trial court added a 12-month sentence enhancement to Mills’s standard range sentence. RCW 9.94A.125; RCW 9.94A.310(3)(c).
 

 
 *234
 
 I
 

 Deadly Weapon Enhancement
 

 Mills challenges the 12-month deadly weapon sentence enhancement, arguing that evidence of his constructive possession of the gun was insufficient to prove that he was armed at the time he committed the crime. In its appellate brief, the State disagrees, asserting Mills was "armed” because he had "exclusive possession and control of the contents of the motel room, the gun was easily accessible to him, and readily available for his use. Mills simply was not
 
 present
 
 at the time.”
 

 The State asserted a .different theory at oral argument. It contended that Mills actually possessed the gun on or about the date charged, May 26, 1992, interpreting "about” to encompass a wide, undefined spectrum of time.
 

 This argument is not persuasive. First, we find no evidence proving that Mills, the gun and drugs were in the motel room together on May 26. Due process requires that the charging document contain specific allegations, including dates.
 
 State v.
 
 Theroff, 95 Wn.2d 385, 392, 622 P.2d 1240 (1980),
 
 review denied,
 
 99 Wn.2d 1015 (1983). Further, the State did not argue the theory to the trial court or in its appellate brief. We will not consider contentions unsupported by argument or citation to authority in the appellate brief.
 
 Talps v. Arreola,
 
 83 Wn.2d 655, 657, 521 P.2d 206 (1974);
 
 State v. Wilson,
 
 16 Wn. App. 434, 557 P.2d 18 (1976),
 
 review denied,
 
 88 Wn.2d 1015 (1977). Thus, we proceed to consider Mills’s constructive possession argument.
 

 Whether a person is armed is a mixed question of law and fact. Here, Mills does not dispute that he was in constructive possession of a deadly weapon at the time he committed the crime or that the weapon was lying next to the drugs. Thus, we must determine whether, as a matter
 
 *235
 
 of law, these facts are sufficient to prove that Mills was armed; this is a question of law that we review de novo.
 
 State v. Williams,
 
 96 Wn.2d 215, 221, 634 P.2d 868 (1981);
 
 State v. Wilson,
 
 71 Wn.2d 895, 898, 431 P.2d 221 (1967).
 

 Based on appellate court interpretation of the statutory phrase "armed with a deadly weapon,” we conclude that a defendant in constructive possession of a deadly weapon, even if that weapon is next to controlled substances, is not "armed” as that term is used in RCW 9.94A.125.
 
 See State v. Valdobinos,
 
 122 Wn.2d 270, 281-82, 858 P.2d 199 (1993);
 
 State v. Taylor,
 
 74 Wn. App. 111, 125, 872 P.2d 53,
 
 review denied,
 
 124 Wn.2d 1029 (1994);
 
 State v. Sabala,
 
 44 Wn. App. 444, 723 P.2d 5 (1986). RCW 9.94A.125 defines deadly weapon as including any firearm, and case law interprets that phrase to include an unloaded gun.
 
 Taylor,
 
 74 Wn. App. at 125. The statute does not, however, define the term "armed.”
 

 Cases discussing the deadly weapon enhancement explain that "[a] person is 'armed’ if a weapon is easily accessible and readily available for use, either for offensive or defensive purposes.”
 
 Valdobinos,
 
 122 Wn.2d at 282;
 
 Sabala,
 
 44 Wn. App. at 444. In
 
 Valdobinos,
 
 the police arrested the defendants and then conducted a search of their residence. During the search, officers found cocaine under a bed in "the bedroom.”
 
 Valdobinos,
 
 122 Wn.2d at 273. They also found a rifle under "a bed in the home.”
 
 Valdobinos,
 
 122 Wn.2d at 281. While it is unclear whether these two items were found under the same bed, the appellate briefs in
 
 Valdobinos
 
 suggest that both gun and drugs were in Valdobinos’s bedroom. As the police had already arrested Valdobinos, he was not present when the police discovered these items. In striking the sentence enhancement, the
 
 Valdobinos
 
 court simply stated that the evidence was "insufficient to qualify Valdobinos as 'armed’ in the sense of having a weapon accessible and readily available for offensive or defensive purposes.”
 
 Valdobinos,
 
 122 Wn.2d at 282.
 

 Similarly, a defendant was not armed with a deadly
 
 *236
 
 weapon by virtue of being in constructive possession of three handguns found in a bedroom during the execution of a search warrant.
 
 State v. Call,
 
 75 Wn. App. 866, 880 P.2d 571 (1994). The
 
 Call
 
 opinion does not state where the police found the narcotics; however, it notes that Call went to his bedroom during the police investigation and returned "unarmed.” Based on these facts, the
 
 Call
 
 court concluded that the evidence was insufficient to prove that Call had easy access to the guns.
 
 Call,
 
 75 Wn. App. at 869.
 

 On the other hand, in
 
 Taylor,
 
 the court found that the defendant was armed where a gun was found in a leather bag lying on a table near where the defendant was sitting and where the narcotics were located.
 
 Taylor,
 
 74 Wn. App. at 125. The court also found a defendant with a gun under his car seat was "armed with a deadly weapon” for purposes of RCW 9.95.040, a statute dealing with minimum terms for pre-Sentence Reform Act crimes.
 
 Sabala,
 
 44 Wn. App. at 448. Sabala was stopped while in possession of drugs and in the process of delivering those drugs.
 

 In each of these cases, the reviewing court looked for a nexus between the defendant and the weapon. Here, the trial court looked only to the nexus between the drugs and the weapon, finding that Mills was using the gun to protect his drugs. Reasoning that the Legislature, in adopting the enhancement statute, was motivated by concern that weapons in close proximity to drugs substantially increases the risk of harm to the community,
 
 [1]
 
 the trial court concluded that the "potential” for Mills to have been in the motel room was the same as if Mills had been there when the police arrived to execute the search warrant.
 

 While guns always pose a potential danger, the trial court’s reasoning does not accord with the clear mandate
 
 *237
 
 that the weapon be
 
 readily available and easily accessible
 
 to the Defendant. Neither Valdobinos nor Call were armed although their guns were in the next room and, presumably, they could have obtained their weapons simply by taking a few steps. Here, where Mills would have needed to travel several miles to retrieve his weapon, we cannot say that he was "armed” for purposes of the enhancement statute.
 

 Consequently, we reverse the sentence enhancement.
 

 A majority of the panel having determined that only the foregoing portion of this opinion will be printed in the Washington Appellate Reports and that the remainder shall be filed for public record pursuant to RCW 2.06.040, it is so ordered.
 

 Morgan and Bridgewater, JJ., concur.
 

 [1]
 

 Compare federal law, 18 U.S.C. § 924(c)(1) (1994) that provides for a sentence enhancement if the defendant "uses or carries” a firearm. Some courts interpreting this statute have considered the proximity of the gun to the drugs in determining whether the firearm "facilitated or had a role in the crime.”
 
 United States v. Stewart,
 
 779 F.2d 538, 540 (9th Cir. 1985),
 
 cert. denied,
 
 484 U.S. 867 (1987).