83 P.3d 1051 (2004)
STATE of Washington, Respondent,
v.
Samuel William GURSKE, Appellant.
No. 21009-0-III.
Court of Appeals of Washington, Division 3, Panel Six.
February 5, 2004.
*1052 John S. Snyder, Steven P. Martonick, Snyder Law Office, Pullman, for Appellant.
Ann C. Shannon, Deputy Prosecuting Attorney, Colfax, for Respondent.
SWEENEY, J.
A person is armed for purposes of a weapon enhancement if a weapon is easily accessible and readily available for use. State v. Schelin, 147 Wash.2d 562, 567, 55 P.3d 632 (2002). A pistol need not be loaded to satisfy the requirement of the act. Id. at 567 n. 2, 55 P.3d 632. The parties here stipulated that the backpack holding Samuel Gurske's pistol was "within arms reach from the driver's position." Clerk's Papers (CP) at 16. The trial judge concluded from this that Mr. Gurske was armed for purposes of the weapons sentencing enhancement. We agree and therefore affirm.

FACTS
This case was tried to the trial judge sitting without a jury on stipulated facts. A Pullman, Washington, police officer stopped Mr. Gurske for making an illegal left-hand turn. Mr. Gurske did not have a driver's license. He told the officer he had left it at home. The officer checked. Mr. Gurske's driving privileges had been suspended. Also Mr. Gurske had no identification and lived in Moscow, Idaho. The officer arrested Mr. Gurske for driving while license suspended.
The police then impounded and inventoried Mr. Gurske's pickup and found a black backpack behind the driver's seat. "The backpack was within arms reach of the driver's position. However, the backpack was not removable by the driver without first either exiting the vehicle or moving into the passenger seat location." CP at 16. The backpack contained a black 9 mm pistol in a holster. "The pistol was unloaded, but a fully loaded magazine for the pistol was found in the backpack." Id. Methamphetamine was also found in the backpack.
The trial judge concluded Mr. Gurske was in possession of a controlled substance (methamphetamine) while armed with a deadly weapon.

*1053 DISCUSSION
The question before us is whether these stipulated facts support the trial court's conclusion that Mr. Gurske was armed with a deadly weapon at the time of his possession of a controlled substance. The question is one which has been called a mixed question of law and fact. State v. Mills, 80 Wash.App. 231, 234, 907 P.2d 316 (1995). But the stipulated facts are verities on appeal. Fite v. Lee, 11 Wash.App. 21, 25, 521 P.2d 964 (1974). The question before us is then whether as a matter of law the facts support the conclusion that Mr. Gurske was armed with a deadly weapon.
"`A person is "armed" if a weapon is easily accessible and readily available for use, either for offensive or defensive purposes.'" Schelin, 147 Wash.2d at 567, 55 P.3d 632 (quoting State v. Valdobinos, 122 Wash.2d 270, 282, 858 P.2d 199 (1993)). Mr. Gurske would have had to move his position in the car to remove the backpack. But the backpack was also "within arms reach from the driver's position" (CP at 16) and the pistol here was found with the drugs in that backpack. The fact that the pistol was unloaded is not relevant to the question of whether it was easily accessible and readily available for use. State v. Taylor, 74 Wash. App. 111, 125, 872 P.2d 53 (1994). The stipulated facts here amply support the court's conclusion that Mr. Gurske was armed with a deadly weapon.
The State has also satisfied the requirement that it show some "nexus between the weapon and the defendant and between the weapon and the crime." Schelin, 147 Wash.2d at 568, 55 P.3d 632. Mr. Gurske's wallet was found in the backpack together with the pistol and three grams of methamphetamine.
In Schelin, police executed a search warrant for a marijuana grow operation. Mr. Schelin was at the bottom of some basement stairs when the police entered the defendant's home. A loaded revolver hung on the wall approximately 6 to 10 feet from where he was standing. Id. at 564, 55 P.3d 632. The other contraband was also in the basement. Id. The nexus between the weapon here, the narcotics, and its proximity to Mr. Gurske all support the court's conclusion that the weapon was easily accessible as required for the enhancement here.
The pistol may not have been as easily accessible as in State v. Sabala.[1] It was nonetheless accessible. See Taylor, 74 Wash.App. at 125, 872 P.2d 53.
Finally, Mr. Gurske argues that the Hard Time for Armed Crime Act of 1995 (RCW 9.94A.510) does not recognize an offense for being "constructively" armed. Appellant's Br. at 12-15. This argument was adopted by the dissent in Schelin, 147 Wash.2d at 579, 55 P.3d 632 (Sanders, J., dissenting), but rejected by a majority of the court, Schelin, 147 Wash.2d at 574, 55 P.3d 632.
The evidence here supports the court's deadly weapon enhancement.
We affirm.
I CONCUR: KURTZ, J.
SCHULTHEIS, J. (dissenting).
Because I disagree with the majority's opinion that the evidence supports the trial court's imposition of a deadly weapon enhancement to Samuel Gurske's sentence, I respectfully dissent.
The majority concludes the pistol in Mr. Gurske's vehicle was "`within arms reach from the driver's position.'" Majority at 83 P.3d 1052. I agree the proximity of the pistol was very close to Mr. Gurske throughout the series of events leading to his arrest. Where the majority and I differ is when it concludes that close proximity equates to being armed for purposes of the deadly weapon statute. RCW 9.94A.602. I write separately to voice my disagreement.
Our Supreme Court has recently held that "`[a] person is "armed" if a weapon is easily accessible and readily available for use, either for offensive or defensive purposes.'" State v. Schelin, 147 Wash.2d 562, 567, 55 P.3d 632 (2002) (quoting State v. Valdobinos, 122 Wash.2d 270, 282, 858 P.2d 199 (1993)). The Schelin case, however, is distinguishable *1054 from the case before us. Mr. Schelin was arrested in his home after police, executing a search warrant, found evidence of a marijuana grow operation. Id. at 563-64, 55 P.3d 632. Mr. Schelin was in the basement at the bottom of the stairs, within 6 to 10 feet of a loaded weapon, when police discovered him. Id. at 564, 55 P.3d 632. Mr. Schelin complied with the police order to walk up the stairs, where he was handcuffed. Id. On appeal, our Supreme Court was asked to determine whether Mr. Schelin was armed during the commission of the drug crimes for purposes of the deadly weapon sentencing enhancement. The plurality decision found he was armed since the loaded weapon was within easy reach and a nexus had been established between the weapon and the crime (i.e., gun could be used to protect grow operation in furtherance of the crime). Id. at 574-75, 55 P.3d 632.
As I review the facts of this case, I do not find the pistol was "easily accessible" or "readily available for use" as required by Schelin. At all times, from the initial traffic stop to Mr. Gurske's arrest and placement in the back of the patrol car, the pistol remained in the same place: in the backseat of his truck behind the driver's seat, inside a holster that was inside a black backpack that was zipped closed. Clerk's Papers (CP) at 16. By the court's own admission "the backpack was not removable by the driver without first either exiting the vehicle or moving into the passenger seat location." CP at 16. These facts are critical to the outcome of whether the trial court erred when it imposed the deadly weapon enhancement.
I believe the facts presented here are similar to those set forth in Valdobinos, 122 Wash.2d at 282, 858 P.2d 199, whereby our Supreme Court determined the evidence was insufficient to qualify Mr. Valdobinos as armed pursuant to the deadly weapon statute. Mr. Valdobinos offered to sell cocaine to an undercover officer at a tavern. Id. at 273, 858 P.2d 199. Three days later, officers conducted a search at his residence, pursuant to a warrant, where they discovered cocaine. Id. at 273-74, 858 P.2d 199. After the people present were removed from the scene, officers also found an unloaded rifle, drugs, and money under the bed in a bedroom. Id. at 273, 858 P.2d 199. On appeal, the court determined that evidence of the unloaded rifle found under the bed, "without more," was "insufficient to qualify [Mr.] Valdobinos as `armed' in the sense of having a weapon accessible and readily available for offensive or defensive purposes" during the commission of the crime of delivery and conspiracy to deliver cocaine. Id. at 282, 858 P.2d 199. This same scenario, of mere constructive possession, exists under the facts before us. The discovery of the unloaded pistol in Mr. Gurske's backpack, without more, does not equate to being armed, in the sense of having access to a weapon that was readily available for use. Relying on Valdobinos, I would uphold the conviction for the drug charge but would reverse the sentence enhancement.
NOTES
[1] 44 Wash.App. 444, 448, 723 P.2d 5 (1986).