154 P.3d 312 (2007)
STATE of Washington, Respondent,
v.
Joaquin GAMBOA, Appellant.
No. 24610-8-III.
Court of Appeals of Washington, Division 3.
March 22, 2007.
*313 Kenneth L. Ramm Jr., Yakima County Courthouse, Yakima, WA, for Respondent.
Eric J. Nielsen, David Bruce Koch, Nielsen Broman & Koch PLLC, Seattle, WA, for Appellant.
SWEENEY, C.J.
¶ 1 First degree burglary requires a showing that the burglary was committed while the defendant was armed with a deadly weapon. Here, the State showed that the defendant was armed with a machete when he burglarized a home. That is sufficient to support the jury's finding that this defendant used, attempted to use, or threatened to use, a device or instrument readily capable of causing death or substantial bodily harm. And we therefore affirm the conviction for first degree burglary.

FACTS
¶ 2 Verna and Peter Mullinex, Sr., live on Marion Drain Road in Yakima County. Joaquin Gamboa burglarized their home. Mr. Gamboa had blood on his left hand, shirt, and around his mouth when other Mullinex family members caught him.
¶ 3 A Yakima County sheriff's deputy investigated and found drops of blood inside and outside the home. Deputy Jose Aguilar found a front window had been broken and a large television set was missing from the entertainment center. Investigators also found blood on the entertainment center and television set. Ms. Mullinex found a machete under blankets in the living room. The machete did not belong to them. The machete had blood on both sides of the blade and on its handle.
¶ 4 A jury found Mr. Gamboa guilty of first degree burglary. The court refused to instruct the jury on a lesser included offense of residential burglary.

DISCUSSION
¶ 5 First degree burglary requires a showing that the defendant was armed with a deadly weapon when he entered or remained unlawfully in a building with the intent to commit a crime against a person or property. RCW 9A.52.020. A deadly weapon is "any explosive or loaded or unloaded firearm, and [it includes] any other weapon, device, instrument, article, or substance, . . . which, under the circumstances in which it is used, attempted to be used, or threatened to be used, is readily capable of causing death or substantial bodily harm." RCW 9A.04.110(6).
¶ 6 Mr. Gamboa argues that the State failed to show that the machete, as used here, satisfied the requirements of a deadly weapon. That is, "under the circumstances in which it is used, attempted to be used, or threatened to be used, [it was] readily capable of causing death or substantial bodily harm." RCW 9A.04.110(6). He says, if anything, the machete was used as a tool to break in, not as a deadly weapon.
¶ 7 The State responds that the question is whether the machete was readily capable of causing death or substantial bodily harm and whether Mr. Gamboa was armed with it.
¶ 8 First, the State made a sufficient circumstantial showing that Mr. Gamboa was armed with the machete. The gate on the homeowners' property was hacked with a sharp object to break in. The homeowners found the machete inside the house. It had blood on it. Mr. Gamboa had blood on his shirt, hands, and mouth. Circumstantial evidence and direct evidence are equally reliable when determining the sufficiency of the evidence. State v. Delmarter, 94 Wash.2d 634, 638, 618 P.2d 99 (1980). The evidence here is certainly sufficient to show Mr. Gamboa used the machete.
¶ 9 Mr. Gamboa used the machete as a tool for entering the Mullinex home. But that does not exclude the availability of a machete as a deadly weapon, i.e., weapon or device capable of causing death or substantial bodily harm. It is the potential as a weapon and not how the machete was actually used that is important. RCW 9A.04.110(6). Here, if Mr. Gamboa had used a knife or a hammer or a club to break into the house, it would not be the use of the instrument that was important. It is rather the potential for inflicting bodily injury or death that counts. RCW *314 9A.04.110(6).[1] It was not necessary for the homeowners to appear and for Mr. Gamboa to brandish the machete for it to qualify as a deadly weapon. A machete is readily capable of causing great harm by its very nature and size.
¶ 10 Again, the fact that Mr. Gamboa only used it to enter does not preclude the jury's finding that he was armed with a deadly weapon. The question is whether the machete was "`easily accessible and readily available for use by the defendant for either offensive or defensive purposes.'" State v. Hall, 46 Wash.App. 689, 695, 732 P.2d 524 (1987) (quoting State v. Sabala, 44 Wash. App. 444, 448, 723 P.2d 5 (1986)); State v. Gotcher, 52 Wash.App. 350, 353, 759 P.2d 1216 (1988); State v. Randle, 47 Wash.App. 232, 235, 734 P.2d 51 (1987). There is ample evidence that the machete here was accessible and available. Hall, 46 Wash.App. at 695, 732 P.2d 524; Gotcher, 52 Wash.App. at 353, 759 P.2d 1216; Randle, 47 Wash.App. at 235, 734 P.2d 51.
¶ 11 Mr. Gamboa next argues that the court erred by refusing to instruct the jury on the lesser included offense of residential burglaryburglary without the deadly weapon. RCW 9A.52.025. His argument is predicated on the assumption that the State did not show that the machete here was a deadly weapon.
¶ 12 But, as we have concluded, the evidence supports the deadly weapon finding and, therefore, the conviction for first degree burglary. State v. Joy, 121 Wash.2d 333, 338, 851 P.2d 654 (1993); State v. Salinas, 119 Wash.2d 192, 201, 829 P.2d 1068 (1992). There is, then, no inference that the lesser crime (residential burglary) was committed. State v. Porter, 150 Wash.2d 732, 737, 82 P.3d 234 (2004). And "`the evidence must raise an inference that only the lesser included . . . offense was committed to the exclusion of the charged offense.'" Id. (emphasis omitted) (quoting State v. Fernandez-Medina, 141 Wash.2d 448, 455, 6 P.3d 1150 (2000)).
¶ 13 In other words, the evidence must establish the defendant's theory of the case, here residential burglary. Id. Residential burglary requires that a person enters or remains unlawfully in a dwelling with the intent to commit a crime against the property or person. RCW 9A.52.025. The evidence does not raise an inference that only the lesser included offense was committed to the exclusion of the charged offense of first degree burglary. Porter, 150 Wash.2d at 737, 82 P.3d 234. The evidence showed that Mr. Gamboa was armed with a deadly weapon when he committed this burglary.
¶ 14 We affirm the conviction.
WE CONCUR: SCHULTHEIS and BROWN, JJ.
NOTES
[1] The definition of a deadly weapon includes any device or instrument that when a person uses, attempts to use, or threatens to use it, it is "readily capable of causing death or substantial bodily harm." RCW 9A.04.110(6). The "readily capable" portion of the statute goes to the potential of an instrument to cause death or substantial bodily harm.