[No. 46457.   En Banc.   June 19, 1980.]

THE STATE OF WASHINGTON, *Respondent,* v. WAYNE DOUGLAS TONGATE, *Petitioner.*

*Elofson, Vincent, Hurst & Crossland,* by *Anthony F. Menke,* for petitioner.

*Jeffrey C. Sullivan, Prosecuting Attorney,* and *Robert N. Hackett, Jr., Deputy,* for respondent.

WILLIAMS, J.—A jury found petitioner Wayne Douglas Tongate guilty of first–degree robbery, with a special finding that he was armed with a deadly weapon. On appeal, petitioner argued that the State had the burden of proving beyond a reasonable doubt that he was armed with a deadly weapon. The Court of Appeals disagreed with this contention and in an unpublished opinion affirmed the conviction and the enhanced sentence required by RCW 9.95.040. We reverse the sentencing portion of the judgment.

After instructing the jury as to the offense charged, the trial court gave the following special verdict instruction:

In the event you find the defendant guilty, you will answer the special verdict in addition to the general verdict, which special verdict reads as follows:
We, the jury in the above entitled case, do return a special verdict as follows:

Was the defendant, WAYNE DOUGLAS TONGATE, armed with a deadly weapon at the time of the commission of this offense?

ANSWER: _____ _____
        "YES"   "NO"

You are instructed that as a matter of law, the words "deadly weapon" include, but are not limited to any instrument known as a pistol, revolver, or any other firearm. The prosecution is not required to prove that a pistol, revolver or other type of firearm was loaded or even that it was capable of being fired.

By giving you this special verdict, the court does not mean to suggest what your verdict should be. This is for you to determine. In the event your verdict is not guilty you will ignore the special verdict entirely.

Instruction No. 8.

Petitioner objected to the instruction on the ground that its failure to indicate the standard of proof in effect relieved the State of its duty to prove the existence of a deadly weapon beyond a reasonable doubt. Reasoning that being armed with a deadly weapon at the time of the commission of a crime is not an element of the crime of first–degree robbery, the Court of Appeals held it need not be proved beyond a reasonable doubt. This is an issue of first impression in Washington.

It is beyond question that the State must prove beyond a reasonable doubt every element of the offense charged. *In re Winship,* 397 U.S. 358, 25 L. Ed. 2d 368, 90 S. Ct. 1068 (1970). As the Court of Appeals noted, however, we have held that the deadly weapon enhancement statute, RCW 9.95.040, does not set forth the elements of a crime. *State v. Jackson,* 70 Wn.2d 498, 502, 424 P.2d 313 (1967); *State v. Slaughter,* 70 Wn.2d 935, 940, 425 P.2d 876 (1967). Rather, this provision provides for an enhanced penalty for an underlying offense based on a special verdict finding that must be considered by the Board of Prison Terms and Paroles.

The Court of Appeals correctly observed that the proof required to submit a deadly weapon special verdict to the jury need not be beyond a reasonable doubt. It is sufficient

in a criminal case if "the trial court has a reasonable basis to believe from the evidence that the defendant was armed with a deadly weapon while in the commission of the felony charged". *State v. Newman,* 4 Wn. App. 588, 595, 484 P.2d 473 (1971). The evidence is sufficient if a witness to the crime has testified to the presence of such a weapon, as happened here. *Newman,* at 595. The evidence may be circumstantial; no weapon need be produced or introduced. *Slaughter,* at 938–39; *State v. Williams,* 3 Wn. App. 336, 339, 475 P.2d 131 (1970). But whether the trial court has a reasonable basis to *submit* the special verdict to the jury is not at issue here.

█ Our cases involving other enhanced punishment statutes uniformly require proof beyond a reasonable doubt to establish the facts which, if proved, will increase a defendant's penalty. In *State v. Murdock,* 91 Wn.2d 336, 340, 588 P.2d 1143 (1979), for example, we held that the burden was on the State in a habitual criminal proceeding to prove each and every element beyond a reasonable doubt. *Accord, State v. Furth,* 5 Wn.2d 1, 11, 104 P.2d 925 (1940); *State v. Harkness,* 1 Wn.2d 530, 540, 543, 96 P.2d 460 (1939). Similarly, we have required that before a defendant could be subject to the increased penalty provided for by RCW 69.33.410(4) (repealed by Laws of 1971, 1st Ex. Sess., ch. 308, § 69.50.606(7), p. 1823), when a narcotics violation involves a transaction with a minor, the State must prove every essential element of the allegation beyond a reasonable doubt. *State v. Nass,* 76 Wn.2d 368, 370, 456 P.2d 347 (1969); *see also Mullaney v. Wilbur,* 421 U.S. 684, 697–98, 44 L. Ed. 2d 508, 95 S. Ct. 1881 (1975).

Since RCW 9.95.015 and 9.95.040 likewise provide for an enhanced penalty for one armed with a deadly weapon at the time of commission of the crime for which defendant is found guilty, the above cases are applicable. It follows that the jury must make its finding beyond a reasonable doubt. As Mr. Justice Cardozo expressed it, "The genius of our criminal law is violated when punishment is enhanced in the face of a reasonable doubt as to the facts leading to

enhancement." *People v. Reese,* 258 N.Y. 89, 101, 179 N.E. 305, 79 A.L.R. 1329 (1932).

The Court of Appeals reasoned that even if the reasonable doubt standard is required, it was met in this case because a conviction for first–degree robbery necessarily includes a finding that the defendant was armed with a deadly weapon. We disagree.

RCW 9A.56.200 provides, in relevant part:

> (1) A person is guilty of robbery in the first degree if in the commission of a robbery or of immediate flight therefrom, he:
> (a) Is armed with a deadly weapon; or
> (b) Displays what appears to be a firearm or other deadly weapon; or
> (c) Inflicts bodily injury.

Applying this provision, a jury could believe that a robber used a toy gun or other object that merely resembled a deadly weapon in the commission of the crime. Nonetheless it could convict him of first–degree robbery since he "[d]isplay[ed] what *appear[ed] to be* a firearm or other deadly weapon . . ." (Italics ours.) RCW 9A.56.200.

RCW 9.95.040, on the other hand, appears to require the presence of a deadly weapon *in fact* in order for the sentence enhancement provision to operate. Without proper instruction on the standard of proof, a jury might very well enter an enhanced punishment special verdict under RCW 9.95.015 if it finds beyond a reasonable doubt that an accused was armed with a gun–like but nondeadly object. This is sufficient for first–degree robbery (RCW 9A.56.200), but does not meet the requirements of RCW 9.95.040(1) or (2) for the imposition of enhanced punishment.

In the amended information in the present case, petitioner was charged with displaying "what appeared to be a firearm or other deadly weapon, to–wit: a pistol." Thus, the very problem described above may have occurred. The record does not reveal if the jury found the defendant had displayed a firearm or deadly weapon or what appeared to

be a firearm or deadly weapon. Instruction No. 3 stated that the prosecution must prove, among other elements:

> (5) That in the commission of these acts, or in the immediate flight therefrom, the defendant displayed what appeared to be a firearm or other deadly weapon.

If the jury found the element described in the instruction, it would not necessarily have found that defendant was armed with a deadly weapon, as required by RCW 9.95.015 and 9.95.040.

■ The State argues in the alternative that the general instructions on the presumption of innocence and the State's burden to prove all elements of the underlying offense beyond a reasonable doubt were sufficient for the special verdict instruction as well. We do not agree. The special verdict is a separate finding made after the guilt–determining stage of the jury's deliberations. It cannot be assumed that a reasonable jury, in the absence of an explicit instruction on the standard of proof, will understand the applicable standard to be applied to the separate finding where, as here, the fact to be found is not an element of the crime as charged. *See Sandstrom v. Montana,* 442 U.S. 510, 61 L. Ed. 2d 39, 99 S. Ct. 2450 (1979).

Since the State did not prove the presence of a deadly weapon beyond a reasonable doubt, the case is remanded for resentencing without the special verdict.

UTTER, C.J., ROSELLINI, STAFFORD, BRACHTENBACH, HOROWITZ, DOLLIVER, and HICKS, JJ., and STAPLES, J. Pro Tem., concur.