[No. 12374–2–I.   Division One.   January 9, 1984.]

THE STATE OF WASHINGTON, *Respondent,* v. RICHARD HENRY LLOYD, *Appellant.*

*Browne, Ressler & Foster* and *Allen M. Ressler,* for appellant (appointed counsel for appeal).

*Norm Maleng, Prosecuting Attorney,* and *Joanne Y. Maida, Deputy,* for respondent.

WILLIAMS, J.—Richard Henry Lloyd was charged by information with robbery in the first degree (RCW 9A.56-.200) committed while armed with a deadly weapon (RCW 9.95.040) and a firearm (RCW 9.41.025). He pleaded guilty to the crime of robbery while armed with a firearm, only, refusing to admit that the firearm was a deadly weapon within the meaning of RCW 9.95.040. The trial court entered a judgment of guilt as to the robbery charge and entered findings that Lloyd was armed with a firearm, which was a deadly weapon, at the time of the offense. Lloyd appeals, contending that there is insufficient evidence to support the trial court's finding that the firearm was a deadly weapon. We affirm.

Lloyd, arrested for robbing a store at gunpoint, was charged by information with robbery in the first degree committed while "armed with a deadly weapon, to–wit: a handgun, under the authority of RCW 9.95.040, which is also a firearm under the provisions of RCW 9.41.025." Pursuant to plea negotiations, he entered a plea of guilty to first degree robbery while armed with a firearm stating:

I took personal property from the person of and in the

presence of Wes Sorstokke against his will by use of immediate force, violence and fear of injury to him. During commission of these acts, I was armed with a firearm.

The State, in consideration for entry of the plea, agreed to dismiss the deadly weapon allegation at the time of sentencing if Lloyd fully cooperated with certain conditions. Subsequently, the sentencing court found that Lloyd willfully and intentionally violated the terms of the plea agreement and refused to dismiss the deadly weapon allegation. Nevertheless, Lloyd declined to accept the court's offer to withdraw his plea.

Lloyd contends that his plea of guilty to being armed with a firearm was not an admission to being armed with a deadly weapon and, therefore, could not provide a factual basis upon which the trial court could find that the firearm used in the crime was in fact a deadly weapon. We disagree.

■ The deadly weapon statute unequivocally states that a firearm is a deadly weapon: "The words 'deadly weapon,' as used in this section include, . . . [a] pistol, revolver, or any other firearm." RCW 9.95.040(2).

Furthermore, by admitting that he was armed with a "firearm," within the meaning of RCW 9.41.025, Lloyd conceded that he was armed with a deadly weapon. For the purposes of RCW 9.41.025, a "firearm" is "a 'weapon from which a projectile may be fired by an explosive such as gun powder'. A gun–like object incapable of being fired is not a 'firearm' under this definition." *State v. Pam,* 98 Wn.2d 748, 754, 659 P.2d 454 (1983). Lloyd's statement that he was armed with a "firearm," within the meaning of RCW 9.41.025, establishes that he was armed with "a weapon from which a projectile may be fired." Such a weapon is unquestionably the deadly weapon "in fact" required by *State v. Tongate,* 93 Wn.2d 751, 613 P.2d 121 (1980).

The trial court correctly found that Lloyd's admission, establishing the existence of a firearm, also established the existence of a deadly weapon.

Affirmed.

SWANSON and ANDERSEN, JJ., concur.

Review denied by Supreme Court April 27, 1984.