[No. 14201-1-I.   Division One.   December 10, 1984.]

THE STATE OF WASHINGTON, *Appellant,* v. KELLY KINGEN, *Respondent.*

*Seth Dawson, Prosecuting Attorney,* and *S. Aaron Fine, Deputy,* for appellant.

*Raymond H. Thoenig* of *Washington Appellate Defender Association,* for respondent.

CALLOW, J.—The State appeals the dismissal of criminal charges against the defendant, Kelly Kingen, for failure to meet speedy trial requirements after he was jailed erroneously.

The main issue is whether the time a defendant spends in jail because of an administrative mistake is included in calculating the speedy trial time limits under CrR 3.3.

Police arrested the defendant for suspicion of second degree burglary on Saturday, August 27, 1983. On August 30, 1983, he was charged with second degree burglary in Everett District Court and was detained in lieu of $500 bail. The District Court on September 21 dismissed the charges and ordered his release. Jail officials, however, erroneously failed to release him. Neither the prosecutor's office, the District Court, nor Superior Court knew the defendant was still in jail.

The State charged the defendant in superior court on October 20, 1983 with second degree burglary and possession of a controlled substance. The charges arose from the same conduct that led to the prior arrest. The defendant was arraigned on October 21. Six days later, he moved to reset the trial date before October 31. When that motion failed, he moved to dismiss the charges for a violation of the speedy trial requirements of CrR 3.3.

The Superior Court granted the defendant's motion on November 18. He had been in jail continuously from the arrest on August 27 until then. The court held that the time the defendant had spent in jail between the dismissal of charges in district court and his arraignment in superior court was included in the calculations for CrR 3.3 and that the State had failed to bring the case to trial within the

required 60–day period. The court entered an order of dismissal and filed it in the clerk's office on December 30, 1983. The State filed notice of appeal on January 3, 1984. It claims that no violation of CrR 3.3 occurred.

The first issue is whether the State met the time requirements for filing notice of appeal.

The defendant claims that the State's appeal must be dismissed because the State failed to file notice of appeal within 30 days of the court's order. He notes that the court dismissed the prosecution on November 18, 1983, but the State failed to file notice of appeal until January 3, 1984. The elapsed time, therefore, exceeds the 30–day limit.

The State argues that the time requirements for notice of appeal filing begin only when the court's order is filed with the clerk. The court's written order was not filed until December 30, 1983, and the State asserts that therefore the notice of appeal was filed within the 30–day limit.

RAP 5.2(c) refers filing questions to CR 5(e) and CR 58. Those rules define filing with the court as when papers are filed at the clerk's office. CR 5(e); CR 58(b). The order, therefore, was not effective for notice of appeal calculations until December 30, 1983. The appeal was filed timely.

The defendant argues that, because the order was not final until December 30, he had to be tried no later than November 23 under CrR 3.3. He asserts that the absence of any filed order or continuance required the State to comply with the speedy trial rule. He claims that the State's failure to bring him to trial is a violation of CrR 3.3. Adoption of such a position would place the appellant in an untenable situation. Whenever the court's filed order followed weeks after decision, the prosecution would be forced to bring the case to trial in direct contravention of a dismissal. If not, the case automatically would be dismissed on speedy trial grounds. We decline to reach such a result.

The second issue is whether the period during which a defendant is incarcerated erroneously by jail authorities counts toward calculations under CrR 3.3.

The defendant argues that the purpose and spirit of the

speedy trial rule require that the erroneous incarceration be included in the calculation. The purpose of CrR 3.3 is to protect the defendant's constitutional right to a speedy trial, and to prevent undue and oppressive incarceration prior to trial. *State v. Champion,* 28 Wn. App. 281, 288, 622 P.2d 905 (1981). He acknowledges that the rule and courts are silent on the effect of erroneous incarceration through no fault of the prosecution or court.

The State claims that the trial court's dismissal is directly contrary to the language of CrR 3.3. It argues that, when a statute is clear on its face, no interpretation is necessary. The rule makes no allowance for incarceration of which the court and prosecution had no knowledge or control.

The charges initially were filed in district court and CrR 3.3(c)(2) governs. It states, *inter alia,* as follows:

> *a defendant not released from jail pending trial shall be brought to trial not later than 60 days after the date of arraignment, less time elapsed in district court. . . .*
> (ii) "Time elapsed in district court" means the following: If at the time a complaint is filed with the district court a defendant is detained in jail or subjected to conditions of release, time elapsed in district court commences on the date the complaint is filed. If at the time a complaint is filed with the district court the defendant is not detained in jail or subjected to conditions of release, time elapsed in district court commences on the date of the defendant's appearance in district court which next follows the filing of the complaint. *Time elapsed in district court ends with the earlier of (a) an oral or written order of dismissal entered by the district court, or (b) the filing of an information or indictment in superior court.*

(Italics ours.)

The crucial language is the calculation for time elapsed in district court. The time elapsed in this case began August 30, when the complaint was filed. It ended on September 21, when the complaint was dismissed. Thus, the total time elapsed in district court was 22 days. The defendant's incarceration after dismissal is irrelevant to calculating

time elapsed in district court.

The 22 days elapsed are subtracted from the 60–day requirement. The trial, therefore, had to occur within 38 days of the arraignment date, October 21. The November 21 trial date was 31 days from arraignment, within the 38–day limit. No violation of CrR 3.3 occurred.

The defendant argues that we should look beyond the rule language to its purpose and intent. This approach is valuable when the language of a rule is unclear or incomplete. When, however, the language is clear, it cannot be construed contrary to its plain statement. *State v. McIntyre,* 92 Wn.2d 620, 600 P.2d 1009 (1979); *State v. Roth,* 78 Wn.2d 711, 479 P.2d 55 (1971). The court's language in *Roth* is illustrative, although referring to an easement statute:

> Had the legislature intended to impose such a limitation, we presume the statute would have so provided. In addition, the statute is not vague, ambiguous or irrational on its face. Where there is no ambiguity in a statute, there is nothing for this court to interpret. *State ex rel. Hagan v. Chinook Hotel,* 65 Wn.2d 573, 399 P.2d 8 (1965) and cases cited therein. Even if it could be said that the time limitation must have been omitted inadvertently, it is not the function of this court to inject one. *Vannoy v. Pacific Power & Light Co.,* 59 Wn.2d 623, 369 P.2d 848 (1962). That is purely a legislative problem.

78 Wn.2d at 714.

In this case, the calculation for speedy trial purposes is clear. The drafters may have inadvertently omitted or not considered the effect of incarceration caused by erroneous jail authority action. However, we cannot read into the rule the inclusion of such incarceration for the speedy trial calculation. *See Department of Labor & Indus. v. Cook,* 44 Wn.2d 671, 269 P.2d 962 (1954). That is, as stated in *Roth,* at 714, "a legislative problem."

Even if we were to interpret CrR 3.3, no violation occurred. When a court interprets a statute, it must look first to the legislative history as evidenced by hearings, comments, or amendments. *Bellevue Fire Fighters Local*

*1604 v. Bellevue,* 100 Wn.2d 748, 751, 675 P.2d 592 (1984). When first enacted, the speedy trial calculations began with the preliminary appearance. The 1978 amendment modified that to (1) the time the defendant was bound over to superior court, or (2) the 10th day following the defendant's arrest if no preliminary hearing had been filed in superior court. *See* 4A L. Orland, Wash. Prac. § 6201 (3d ed. 1983). The key date was the date of the preliminary appearance, not of arraignment. Under the previous rule, the defendant's incarceration would have counted toward the speedy trial calculation.

In 1980, the rule was clarified. L. Orland, *supra.* As a result, the time for trial now is measured from the date of arraignment. Thus, if we were to include the month that Kingen improperly spent in jail, we would be ignoring the 1980 amendment. Such a result is improper. *See Kucher v. Pierce Cy.,* 24 Wn. App. 281, 600 P.2d 683 (1979).

The defendant relies on three cases to support his argument that the court should ignore the statutory language. *See State v. Peterson,* 90 Wn.2d 423, 585 P.2d 66 (1978); *State v. Striker,* 87 Wn.2d 870, 557 P.2d 847 (1976); *State v. McNeil,* 20 Wn. App. 527, 582 P.2d 524 (1978). The connecting thread of these cases is that the prosecutor acted improperly, either through delay or evasion of CrR 3.3. Prevention of prosecutorial and court caused delay and misconduct is a central principle in the development of speedy trial law and rules. *See, e.g., Peterson,* at 427. Thus, the defendants in each of those cases were squarely within the class the speedy trial rule was intended to protect. The defendant, Kingen, is not within that class. Nothing in the record suggests any judicial or prosecutorial impropriety.

We recognize that the defendant spent a substantial period of time in jail. The speedy trial rule, however, was not intended to remedy injuries resulting from improper incarceration by jail authorities. It is intended to protect defendants and the public from unnecessary and improper delays in criminal judicial process. The defendant Kingen's remedy for his wrongful incarceration is not the dismissal

of the charges brought against him. That jail authorities acted improperly is irrelevant to whether he has been given a trial within the requirements of CrR 3.3. It was error to dismiss the information for noncompliance with the speedy trial rule.

The order of dismissal is reversed and the cause remanded for further proceedings.

RINGOLD and COLEMAN, JJ., concur.

Reconsideration denied January 9 and 16, 1985.

Review denied by Supreme Court April 17, 1985.