FILED
COURT OF APPEALS
DIVISION II

2014 FEB 11 AM 8: 37

STATE OF WASHINGTON

BY

DEPUTY

**IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON**

**DIVISION II**

| | |
|---|---|
| STATE OF WASHINGTON, | No. 43110-6-II |
| Respondent, | |
| v. | |
| RODNEY S. MITUNIEWICZ, | UNPUBLISHED OPINION |
| Appellant. | |

PENOYAR, J. — Rodney S. Mituniewicz appeals his convictions of possession of heroin with intent to deliver while armed with a firearm and within 1,000 feet of a school bus stop, and second degree unlawful possession of a firearm. Mituniewicz argues that the evidence is insufficient to support the firearm enhancement and, in a pro se statement of additional grounds (SAG), contends that the trial court's violation of his speedy trial rights under CrR 3.3 requires the dismissal of his convictions. Because the evidence was sufficient to prove that Mituniewicz was armed and because defense counsel requested the continuance of Mituniewicz's trial, we affirm.

## FACTS

As part of an investigation into heroin distribution, Clark County Sheriff's Detective Bill Sofianos asked the occupant of an apartment he had searched to set up a drug deal requesting $1,000 worth of heroin. Sofianos listened and watched as the occupant made the phone call setting up the deal. Mituniewicz arrived at the apartment later that evening.

When Mituniewicz knocked, Detective Sofianos opened the door. Mituniewicz had a locked metal security box in one hand and a set of keys in the other. Sofianos took the box and the keys and arrested Mituniewicz. After handcuffing him, Sofianos put the keys in

Mituniewicz's pocket and walked him out of the house. Detective Tom Yoder then took custody of the box and keys after he removed the latter from Mituniewicz's pocket.

Jennifer Thomas, Mituniewicz's community corrections officer, used one of the keys to open the metal box. Inside, she found a handgun, a digital scale with residue on it, a magnifying glass, baggies containing suspected heroin, several syringes, a lighter, a razor blade, and a knife. Although the gun contained a magazine, it was not loaded. There was no ammunition in the box or on Mituniewicz's person. A search of Mituniewicz produced $2,313 in cash and two golf ball sized balls of suspected heroin wrapped in aluminum foil. One of the balls and some of the baggies later tested positive for heroin.

During the September 29 arraignment, the trial court set November 14 as the trial date. On November 10, the State moved for a continuance because the assigned prosecutor would be in trial through November 14 or 15. Defense counsel also requested a continuance over Mituniewicz's objection because she needed additional time to conduct discovery and to file a suppression motion. Defense counsel observed that her client had been serving a Department of Corrections (DOC) sanction of 60 days on an unrelated matter since September 22. The trial court granted a continuance to January 9.

After filing a pro se motion to dismiss based on the alleged violation of his speedy trial rights, Mituniewicz argued his motion before a different judge on January 5. Mituniewicz contended that because he had received good conduct time on the DOC sanction, his incarceration ended on October 23, and the 60-day speedy trial period expired on December 22. The trial court observed that the previous continuance was based on the DOC sanction as well as good cause. The trial court denied the motion to dismiss and, at both parties' request and with Mituniewicz's acquiescence, set a new trial date of January 23.

After the trial court upheld the search of the security box, Mituniewicz's CCO and the detectives testified to the facts set forth above.[1] Detective Sofianos added that mid-to-higher level drug dealers often carry firearms to keep their drugs from being stolen. Another officer testified that he had test fired the firearm found in the security box and had found it functional. Mituniewicz sought reconsideration of the speedy trial ruling, which the trial court denied.

The jury found Mituniewicz guilty as charged. At the beginning of his sentencing hearing, Mituniewicz again moved unsuccessfully for dismissal based on the violation of his speedy trial rights. The trial court imposed a standard range sentence of 194 months. Mituniewicz appeals.

## ANALYSIS

### I.   FIREARM ENHANCEMENT

Mituniewicz argues initially that the evidence was insufficient to prove that he was armed with a firearm at the time he possessed the heroin with intent to deliver.

A firearm enhancement must be proved beyond a reasonable doubt. *State v. Tongate*, 93 Wn.2d 751, 754, 613 P.2d 121 (1980). To meet that burden, the State had to establish that the firearm was easily accessible and readily available for offensive or defensive purposes and that a nexus existed between Mituniewicz, the crime, and the firearm. *State v. Barnes*, 153 Wn.2d 378, 383, 103 P.3d 1219 (2005).

Mere proximity or constructive possession is insufficient to show that a defendant was armed at the time the crime was committed. *State v. Gurske*, 155 Wn.2d 134, 138, 118 P.3d 333 (2005). Instead, the firearm must be easy to get to for use against another person, whether to

---

[1] The trial court found that the CCO had reasonable cause to believe that Mituniewicz had violated his probation conditions by engaging in criminal activity.

facilitate the commission of the crime, escape from the scene, protect contraband, or prevent investigation, discovery, or apprehension by the police. *Gurske*, 155 Wn.2d at 138-39.

Mituniewicz does not challenge the evidence establishing the nexus requirement, which is clearly ample in this case. He was found holding the box and the key that unlocked it, and the gun was in the box with other "tools of the trade." 4B Report of Proceedings at 652. Mituniewicz argues instead that the evidence was insufficient to prove his close proximity to the firearm and the fact that it was easily accessible and readily available for use.

As support, he relies on this court's statement that "Washington courts have found that a defendant is not 'armed' even though he, presumably, could have obtained a weapon by taking a few steps." *State v. Ague-Masters*, 138 Wn. App. 86, 104, 156 P.3d 265 (2007). In *Ague-Masters*, deputies arrested the defendant outside his front door and then found a methamphetamine lab in a detached shed and unloaded firearms locked in a safe inside the house. 138 Wn. App. at 104. We rejected the argument that the defendant could have easily accessed the firearms and observed that none were found in the shed. *Ague-Masters*, 138 Wn. App. at 104. We distinguished a case where the presence of a loaded pistol outside a methamphetamine lab as well as other loaded guns on the premises was sufficient to support a firearm enhancement. *State v. Simonson*, 91 Wn. App. 874, 877-83, 960 P.2d 955 (1998).

To support our decision that the defendant in *Ague-Masters* was not armed, we cited three cases where weapons were found on the premises following a defendant's arrest on drug charges. *See State v. Valdobinos*, 122 Wn.2d 270, 282, 858 P.2d 199 (1993) (defendant was not armed where an unloaded rifle was found under a bed); *State v. Johnson*, 94 Wn. App 882, 894-97, 974 P.2d 855 (1999) (defendant was not armed where a gun was found inside a closed cabinet five to six feet away after he was handcuffed); *State v. Call*, 75 Wn. App. 866, 869, 880

4

P.2d 571 (1994) (defendant was not armed where guns were found in a dresser drawer and tool box inside his bedroom after he entered the bedroom to retrieve identification and emerged unarmed).

While acknowledging these holdings, we observe that being armed is not confined to those defendants with a deadly weapon actually in hand or on their person. *Gurske*, 155 Wn.2d at 138. With the enactment of the firearm enhancement statute, the legislature has expressly recognized that individuals engaged in criminal conduct might use a firearm for reasons that include forcing the victim to comply with their demands, injuring or killing anyone who tries to stop the criminal acts, and aiding the criminal in escaping. *Gurske*, 155 Wn.2d at 139 (citing LAWS OF 1995, ch. 129, §1(1)(a) (Initiative Measure No. 159)). As Detective Sofianos testified, drug dealers often carry firearms to keep their drugs from being stolen.

Here, the defendant was carrying the locked box containing a firearm when he was arrested for possession of heroin with intent to deliver. The box also contained scales and other tools belonging to the drug trade. Mituniewicz was carrying the keys to the box as if intending to open it when he arrived at the delivery site. When viewed in the light most favorable to the State, the evidence shows that the gun was easily accessible and readily available for use for offensive or defensive purposes. *Gurske*, 155 Wn.2d at 143. The fact that the gun was not loaded is not determinative; it still could have been used to threaten, deter, or aid in an escape. *See Simonson*, 91 Wn. App. at 883 (gun's loaded or unloaded condition is one of many factors to consider when deciding whether the gun was readily available for use during the crime's commission). We hold that the evidence was sufficient to prove that Mituniewicz was armed with a firearm when he possessed heroin with intent to deliver.

II.    SPEEDY TRIAL

Mituniewicz argues in his pro se SAG that the trial court violated his right to a speedy trial under CrR 3.3. He makes several assertions of error related to the trial court's decision to continue the trial to January 9, but he does not appear to challenge the court's second continuance of the trial date to January 23.

CrR 3.3 provides that a defendant who is detained in jail shall be brought to trial within 60 days of his arraignment. CrR 3.3(b)(1)(i), (c)(1). The purpose of this rule is to protect the defendant's constitutional right to a speedy trial and to prevent undue and oppressive incarceration before trial. *State v. Kingen*, 39 Wn. App. 124, 127, 692 P.2d 215 (1984). Nevertheless, the constitutional right to a speedy trial does not mandate trial within 60 days. *State v. Torres*, 111 Wn. App. 323, 330, 44 P.3d 903 (2002). CrR 3.3(f)(2) permits the trial court to continue the trial past 60 days when necessary in the "administration of justice and the defendant will not be prejudiced in the presentation of his or her defense." The rule adds that "[t]he bringing of such motion by or on behalf of any party waives that party's objection to the requested delay." CrR 3.3(f)(2). The decision to grant a continuance under CrR 3.3 rests in the sound discretion of the trial court and will not be disturbed unless the trial court grants the continuance for untenable reasons. *State v. Nguyen*, 131 Wn. App. 815, 819, 129 P.3d 821 (2006). A trial court may grant a continuance to allow defense counsel more time to prepare for trial, even over the defendant's objection, to ensure effective representation and a fair trial. *State v. Flinn*, 154 Wn.2d 193, 200, 110 P.3d 748 (2005); *State v. Campbell*, 103 Wn.2d 1, 15, 691 P.2d 929 (1984).

Continuances are excluded from speedy trial calculations, as are periods of incarceration on unrelated charges. CrR 3.3(e)(2), (3); *State v. Bobenhouse*, 143 Wn. App. 315, 329, 177 P.3d 209 (2008), *affirmed on other grounds*, 166 Wn.2d 881, 214 P.3d 907 (2009). If a period is excluded, the allowable time for trial shall not expire earlier than 30 days after the end of that excluded period. CrR 3.3(b)(5).

On November 10, both parties requested a continuance and observed that Mituniewicz's 60 days of incarceration on another matter should not be included in his speedy trial calculation. The trial court agreed and granted a 60-day continuance both because of that incarceration and for good cause shown.

Because his attorney requested the continuance, most of Mituniewicz's current claims of error are waived. Given his assertion that both defense counsel and the prosecuting attorney engaged in misconduct that violated his speedy trial rights, however, we briefly address his claims. Defense counsel sought a continuance so that she could engage in further discovery and file a motion to suppress. The prosecutor sought a continuance because he was in trial. As stated, allowing counsel time to prepare for trial is a valid basis for continuance, and scheduling conflicts also may be considered in granting continuances. *Flinn*, 154 Wn.2d at 200. We see no prejudice to the presentation of Mituniewicz's case and nothing untenable about the trial court's decision to grant the requested continuance. Consequently, we reject Mituniewicz's alternative claim that he received ineffective assistance of appellate counsel because his attorney failed to raise the speedy trial issue in the opening brief. *See In re Pers. Restraint of Maxfield*, 133 Wn.2d 332, 344, 945 P.2d 196 (1997) (claim of ineffective assistance of appellate counsel requires showing that legal issue counsel failed to raise had merit and that counsel's failure to raise issue was prejudicial).

Affirmed.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

_____
Penoyar, J.

We concur:

_____
Maxa, J.

_____
Lee, J.