# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| STATE OF WASHINGTON, | No. 46523-0-II |
| Respondent, | |
| v. | |
| JUSTIN SCOTT FESSEL, | UNPUBLISHED OPINION |
| Appellant. | |

MAXA, J. — Justin Fessel appeals his convictions and sentence for vehicular assault and

hit and run. We hold that (1) the trial court erred by failing to enter written findings of fact and

conclusions of law after a CrR 3.5 hearing, but that error was harmless because the trial court's

oral findings were sufficient to enable appellate review; (2) Fessel failed to preserve for appeal

his argument that the trial court's reasonable doubt jury instruction was constitutionally deficient

because he did not object to this instruction in the trial court; and (3) Fessel's claims in his

statement of additional grounds (SAG) have no merit. However, we accept the State's

concession and hold that the trial court erred in imposing consecutive sentences for these

convictions and bail jumping convictions sentenced on the same day. Accordingly, we affirm

Fessel's convictions, but we reverse his sentence and remand for resentencing.

FACTS

On July 26, 2013, Fessel was involved in an automobile collision in which his vehicle struck a vehicle occupied by his parents and his brother. Fessel's brother James stated that Fessel intentionally hit their vehicle. The State charged Fessel with one count of vehicular assault, one count of hit and run, and three counts of second degree assault.

While in jail, Fessel made statements to Detective James Payne of the Clark County Sheriff's Office. The trial court held a pretrial CrR 3.5 hearing to determine whether the statements were admissible. The trial court made an oral ruling that the statements were admissible and explained the basis for the ruling, but failed to enter written findings of fact and conclusions of law.

Before trial, Fessel objected based on chain of custody to the admission of records from a cell phone that was found in the victims' vehicle. The vehicle was in a locked and secured evidence storage building. Officers placed the cell phone in a marked bag and placed it on a table. However, officers apparently forgot to collect the phone, and it was left unattended for 28 days on the table in the secure building. The investigating detective testified that when he retrieved the cell phone, it was in the same paper bag and located on the same table where he had left it after conducting the search of the vehicle. The trial court admitted the cell phone evidence.

The trial court gave a standard reasonable doubt jury instruction that included the phrase "[a] reasonable doubt is one for which a reason exists." Clerk's Papers at 41. This instruction was identical to WPIC 4.01. 11 *WASHINGTON PRACTICE: WASHINGTON PATTERN JURY*

*INSTRUCTIONS: CRIMINAL* 4.01, at 85 (3d ed. 2008) (WPIC). Fessel did not object to this instruction.

The jury found Fessel guilty of the vehicular assault and hit and run charges, but not guilty on the three second degree assault charges. Fessel also was convicted for two counts of bail jumping in a separate trial and the sentencing for all of his convictions occurred on the same day. The trial court imposed Fessel's vehicular assault and hit and run sentences consecutively to the bail jumping sentences rather than concurrently. The trial court did not enter findings of fact and conclusions of law supporting the consecutive sentences.

Fessel appeals his convictions and sentence.

ANALYSIS

A.      FAILURE TO ENTER WRITTEN CRR 3.5 FINDINGS AND CONCLUSIONS

Fessel argues that the trial court erred by failing to enter written findings of fact and conclusions of law following its CrR 3.5 hearing, and therefore that we must remand for the entry of such findings and conclusions.[1] The State concedes that the trial court erred, but argues that the error was harmless. We agree with the State.

Under CrR 3.5, the trial court must conduct an admissibility hearing before admitting a defendant's statement into evidence. CrR 3.5(c) requires the trial court to enter written findings of fact and conclusions of law after a CrR 3.5 hearing. Failure to enter written findings and conclusions after a CrR 3.5 hearing is error. *State v. Elkins*, 188 Wn. App. 386, 396, 353 P.3d 648, *review denied*, 184 Wn.2d 1025 (2015). However, the failure to enter written findings and

_____

[1] Fessel does not contest the trial court's oral findings or its determination in his CrR 3.5 hearing. He argues only that the court's failure to enter findings and conclusions as required by CrR 3.5(c) requires mandatory remand.

conclusions following a CrR 3.5 hearing is harmless error if the oral findings are sufficient to enable appellate review. *Id.*

Here, the trial court made clear and detailed oral findings of fact. The court stated,

The Court's ruling is that on August 15th 2013, Mr. Fessel was contacted in the Clark County Jail in a public interview room, and that at that time Mr. Fessel was in custody. Detective Payne did advise Mr. Fessel of his *Miranda*[2] rights. There is no indication from the testimony given that Mr. Fessel was under the influence of any type of substance or that he did not understand his rights. His answers were responsive to the questions asked. It's the Court's finding, based on all of the facts, that the statements were knowingly, intelligently and voluntarily given without any request for Counsel, and that *Miranda* rights were properly given before the statements. So the statements are admissible.

Report of Proceedings (RP) (Feb. 19, 2014) at 64. In this ruling, the trial court expressly found that (1) Fessel was advised of his *Miranda* rights, (2) there was no indication that he did not understand his rights, and (3) his statements were knowingly, intelligently, and voluntarily given without any request for counsel. We hold that these findings and the trial court's conclusion that the statements were admissible are sufficient to enable appellate review.

Because Fessel did not assign error to the trial court's admission of his statements, we need not address whether that admission was error. Accordingly, we hold that the trial court's error in failing to enter written findings of fact and conclusions of law following its CrR 3.5 hearing was harmless.

B.     PROPRIETY OF WPIC 4.01

Fessel argues that the trial court's jury instruction defining reasonable doubt as "one for which a reason exists" is constitutionally deficient and requires reversal because (1) it requires

---

[2] *Miranda v. Arizona*, 384 U.S. 436, 86 S. Ct. 1602, 16 L. Ed. 2d 694 (1966).

the jury to articulate a reason for having a reasonable doubt and (2) it impermissibly undermines the presumption of innocence. We decline to address this issue because Fessel did not object to this instruction in the trial court.

A party generally waives the right to appeal an error unless there is an objection in the trial court. *State v. Kalebaugh*, 183 Wn.2d 578, 583, 355 P.3d 253 (2015). One exception is for "manifest error affecting a constitutional right." RAP 2.5(a)(3); *Kalebaugh*, 183 Wn.2d at 583. To determine whether we should consider an unpreserved error under RAP 2.5(a)(3), we inquire whether (1) the error is truly of a constitutional magnitude and (2) the error is manifest. *Kalebaugh*, 183 Wn.2d at 583. An error is manifest when the appellant shows actual prejudice. *State v. O'Hara*, 167 Wn.2d 91, 99, 217 P.3d 756 (2009). The asserted error must have practical and identifiable consequences in the trial court. *Id.* The focus of the actual prejudice inquiry is whether it is obvious from the record that the error warrants appellate review. *Id.* at 99-100.

Here, Fessel makes a claim of constitutional magnitude – an instruction that misstates the reasonable doubt standard is a constitutional error. *Kalebaugh*, 183 Wn.2d at 584. However, Fessel cannot show an obvious error.

The trial court's reasonable doubt jury instruction was identical to WPIC 4.01. In *State v. Bennett*, the Supreme Court directed trial courts to exclusively use WPIC 4.01 to instruct juries on the burden of proof and the definition of reasonable doubt. 161 Wn.2d 303, 318, 165 P.3d 1241 (2007). In *Kalebaugh*, the Supreme Court recently reaffirmed that WPIC 4.01 was the "proper" instruction and "the correct legal instruction on reasonable doubt." 183 Wn.2d at 586. The court distinguished between the proper language of WPIC 4.01 ("a doubt for which a reason *exists*") and the trial court's improper additional instruction in that case ("a doubt for which a

reason *can be given*"). *Id.* at 581-82. Similarly, the Supreme Court in *State v. Emery* stated that the prosecutor in closing argument "properly" described reasonable doubt as a doubt for which a reason exists. 174 Wn.2d 741, 760, 278 P.3d 653 (2012).

Fessel cannot show that the trial court's reasonable doubt instruction constituted a manifest error. Accordingly, we will not consider Fessel's unpreserved challenge to this instruction.

C.      SAG CLAIMS

        1.   Evidence Claims

We review a trial court's decision to admit evidence for an abuse of discretion. *State v. Garcia*, 179 Wn.2d 828, 846, 318 P.3d 266 (2014). A trial court abuses its discretion where its decision is manifestly unreasonable or based on untenable grounds or reasons. *Id.*

             a.   Cell Phone Chain of Custody

Fessel claims that the trial court erred by admitting into evidence records from a cell phone that was secured by an investigating officer, but was left unattended on an evidence table for 28 days. Fessel argues that because the cell phone was left unattended for such a long period, the State could not establish chain of custody. We disagree.

Before a trial court admits evidence, the proponent must authenticate or identify it "to support a finding that the matter in question is what its proponent claims." ER 901(a). The chain of custody should show that it is improbable that the evidence has either been contaminated or tampered with. *State v. Roche*, 114 Wn. App. 424, 436, 59 P.3d 682 (2002). The nature of the object, the circumstances of its preservation, including custody, and the likelihood of tampering are factors to be considered in determining admissibility. *State v.*

*Campbell*, 103 Wn.2d 1, 21, 691 P.2d 929 (1984). Minor discrepancies regarding the chain of custody affect the weight of the evidence, not its admissibility. *Id.*

Here, the testimony at trial was that the cell phone remained in a locked and secured area from the time that the officers seized the phone until it was retrieved four weeks later. The chain of custody is not broken when evidence is stored in a locked and secured area. *State v. Wilson*, 83 Wn. App. 546, 555, 922 P.2d 188 (1996). Further, the investigating officer testified that when he retrieved the cell phone, it was in the same paper bag and located on the same table where he left it after conducting the search of the vehicle. Although the fact that the cell phone was left unattended may have raised some questions about chain of custody, those questions related to the weight of the evidence, not the admissibility.

Accordingly, we hold that the trial court did not abuse its discretion by admitting the cell phone into evidence.

b. Exclusion of Drug Use Evidence

Fessel asserts that the trial court erred in excluding evidence regarding drug use by victims and witnesses. We disagree.

Fessel claims to have witnessed, or to have knowledge of evidence of, drug use by some of the victims and witnesses testifying for the State. Fessel argues that this drug use raises questions about the credibility of their testimony. The trial court excluded this evidence because Fessel did not offer expert testimony on the potential effects that drug use could have on the witnesses' credibility. The trial court ruled that without expert testimony, drug use evidence was irrelevant.

The only person that Fessel claimed was using drugs who testified at trial was his father, James Fessel. During argument of motions in limine, Fessel represented that James told a physician that he had used methamphetamine on the morning of the incident and that a urinalysis exam from the hospital showed the presence of methamphetamines in his system. However, Fessel made no offer of proof regarding how much methamphetamine James consumed or the level of the drug in James's system. In addition, Fessel offered no evidence that the use of some unknown amount of methamphetamine necessarily would affect James's perception of the incident. Finally, Fessel offered no evidence that James showed signs of impairment at the time of the incident.

As noted above, the trial court has discretion regarding the introduction of evidence. *Garcia*, 179 Wn.2d at 846. In the absence of more specific evidence of a connection between James's actual drug use and his credibility, we hold that the trial court's exclusion of drug use evidence was not an abuse of discretion.

2. Disclosure of Cell Phone Data

Fessel asserts that the State violated CrR 4.7 by failing to provide him with a copy of a compact disc (CD) containing data obtained from several confiscated cell phones. He claims that the State's failure to provide him with a copy of the data forced him to surrender his right to a speedy trial and give up proceeding pro se, arguing that since he could not access the CD evidence in jail he had no real choice but to rely on counsel to obtain the CD. We disagree that the State violated CrR 4.7.

CrR 4.7(a)(1)(v) provides that a prosecutor must disclose to the defendant any tangible object(s) the prosecutor intends to use at trial that were obtained from the defendant.[3] The State initially stated that it had not reviewed the CD and did not plan to use the cell phone data at trial. The State later decided to use some cell phone records at trial, but by then the State had agreed to provide copies of the CDs to counsel.

Under CrR 4.7(c)(1), a prosecutor also must produce relevant material and information regarding specified searches and seizures as requested by the defendant. Here, the record suggests that Fessel requested copies of the CDs shortly before the first scheduled trial date. The prosecutor had the CDs but was prevented by jail rules from providing copies to Fessel, who at that time was representing himself. The trial court pointed out that he could have had his investigator review the CDs, but Fessel did not. In addition, once counsel was reappointed to represent Fessel, the State agreed to provide copies of the CDs to counsel.

Under the circumstances here, we hold that the State did not violate CrR 4.7.

3.  Time for Trial

Fessel asserts that the trial court violated his "speedy trial rights" by granting a continuance beyond the time for trial deadline because of the unexpected unavailability of Detective Payne, one of the State's key witnesses.[4] SAG at 4A. We disagree.

---

[3] The State also has a duty to produce any exculpatory evidence. However, while Fessel claimed that there may have been exculpatory evidence on the CDs, he does not present any argument or evidence that the information on the CDs was exculpatory.

[4] Fessel does not state whether he is asserting a violation of his time for trial right under the court rules or his constitutional speedy trial right. Because the trial court analyzed the issue under CrR 3.3, and Fessel does not identify a constitutional violation in his SAG, we address this claim under the time for trial rule.

CrR 3.3(b) and (c) provide that a defendant who is detained in jail must be brought to trial within 60 days of arraignment. The purpose of this rule is to protect the defendant's constitutional right to a speedy trial and to prevent undue and oppressive incarceration before trial. *State v. Kingen*, 39 Wn. App. 124, 127, 692 P.2d 215 (1984). A criminal charge not brought to trial within the time limits of CrR 3.3 must be dismissed with prejudice. *State v. Kenyon*, 167 Wn.2d 130, 136, 216 P.3d 1024 (2009).

Certain time periods are excluded from the computation of time, including continuances granted by the trial court. CrR 3.3(e). CrR 3.3(f)(2) states,

> On motion of the court or a party, the court may continue the trial date to a specified date when such continuance is required in the administration of justice and the defendant will not be prejudiced in the presentation of his or her defense. The motion must be made before the time for trial has expired. The court must state on the record or in writing the reasons for the continuance.

A trial court may grant the State's motion for a continuance when "'required in the administration of justice'" as long as the continuance does not substantially prejudice the defendant in his defense. *State v. Saunders*, 153 Wn. App. 209, 217, 220 P.3d 1238 (2009) (quoting CrR 3.3(f)(1), (2)). The decision to grant a continuance under CrR 3.3 rests in the sound discretion of the trial court and will not be disturbed unless the trial court grants the continuance for untenable reasons. *State v. Ollivier*, 178 Wn.2d 813, 822-23, 312 P.3d 1 (2013), *cert. denied*, 135 S. Ct. 72 (2014).

Here, Fessel's trial was scheduled for April 21, 2014, and the time for trial deadline was April 30. On the first day of trial the State learned that Detective Payne was unavailable because his pregnant wife and children had been in a car accident. The State moved for a continuance under CrR 3.3(f). The trial court granted the motion and set a new trial date of May 12.

The trial court's grant of a continuance was appropriate here. The unavailability of a witness constitutes valid grounds to continue a trial date under CrR 3.3(f)(2). *State v. Nguyen*, 68 Wn. App. 906, 914, 847 P.2d 936 (1993). Moreover, Fessel did not articulate any prejudice resulting from the continuance and there is no evidence that the delay prejudiced the presentation of his defense. We hold that the trial court did not violate Fessel's time for trial right.

4.  Prosecutorial Misconduct

Fessel asserts that the prosecutor improperly moved the trial court to declare that Detective Payne was an expert. He argues that this motion encouraged the jury to assume that the trial court, and not the jury, determines whether a witness has sufficient expertise. However, the trial court refused to declare that Detective Payne was an expert and instead stated that whether a witness is an expert is the "ultimate decision for the jury." 2 RP at 467. Therefore, even if the prosecutor's motion constituted misconduct, Fessel clearly was not prejudiced.

We hold that Fessel's prosecutorial misconduct claim fails.

D.  EXCEPTIONAL SENTENCE

Fessel argues, and the State concedes, that the trial court's imposition of consecutive sentences for two or more current, nonviolent sentences was an exceptional sentence and that the trial court erred in not entering findings of fact and conclusions of law to support that exceptional sentence. We accept the State's concession and remand for resentencing.

Under former RCW 9.94A.589 (2002), convictions sentenced on the same day are treated as "current offenses." Former RCW 9.94A.589(1)(a) states that sentences for current offenses shall be served concurrently and that "[c]onsecutive sentences may only be imposed under the exceptional sentence provisions of RCW 9.94A.535." RCW 9.94A.535 provides that whenever

11

the trial court imposes an exceptional sentence, it must "set forth the reasons for its decision in written findings of fact and conclusions of law."

Here, the trial court sentenced Fessel for the vehicular assault, hit and run, and bail jumping convictions on the same day, and therefore they were current offenses. In order to impose these sentences consecutively, the trial court was required to identify the basis for an exceptional sentence and enter findings of fact and conclusions of law to support an exceptional sentence. The trial court failed to enter such findings and conclusions. Accordingly, we hold that the trial court erred in imposing Fessel's sentences for vehicular assault, hit and run, and bail jumping consecutively. We remand for resentencing.

We affirm Fessel's convictions, but we reverse his sentence and remand for resentencing.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

_____
MAXA, J.

We concur:

_____
WORSWICK, J.

_____
JOHANSON, C.J.