IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | No. 34037-6-III |
| | ) | |
| Respondent, | ) | |
| | ) | |
| v. | ) | UNPUBLISHED OPINION |
| | ) | |
| HERBERT AARON MARTIN II, | ) | |
| | ) | |
| Appellant. | ) | |

PENNELL, J. — Herbert Martin appeals his conviction for possession of a controlled substance (methamphetamine) with intent to deliver, with an aggravating factor that he committed the crime within 1,000 feet of a school bus stop. We affirm Mr. Martin's conviction, but remand for modification of his community custody conditions and the correction of a scrivener's error on his judgment and sentence.

## FACTS

The facts are well known to the parties and need not be recounted in detail. In March 2015, Mr. Martin was charged with delivery of a controlled substance after selling methamphetamine to an undercover informant. The sales took place at Mr. Martin's residence in Ellensburg.

During trial in January 2016, the transportation director for the Ellensburg School District testified that, at the time of the trial, there were six active school bus stops within 1,000 feet of Mr. Martin's Ellensburg residence. The director further testified that he had

been working with the school district for over four years and that almost every location in Ellensburg is within 1,000 feet of a school bus stop. He never clarified whether the school bus stops identified at trial were also active in February 2015, when Mr. Martin committed the charged crime. According to the transportation director, school bus stops are constantly reviewed and are always changing based upon community needs.

A jury convicted Mr. Martin of possession of methamphetamine with intent to deliver. It also answered yes to a special verdict form that inquired whether Mr. Martin committed the offense within 1,000 feet of a school bus stop.

At sentencing, the trial court imposed a number of community custody conditions and legal financial obligations (LFOs). The trial court struck all discretionary LFOs with the exception of $200 in court costs. Mr. Martin appeals.

## ANALYSIS

*Sufficiency of the evidence*

Mr. Martin first argues there is insufficient evidence that he committed this crime within 1,000 feet of a school bus stop. We disagree. In a criminal case, the State must provide sufficient evidence to prove each element of the charged offense beyond a reasonable doubt. *State v. Farnsworth*, 185 Wn.2d 768, 775, 374 P.3d 1152 (2016). The same is true of any sentencing enhancements. *State v. Tongate*, 93 Wn.2d 751, 754-55, 613 P.2d 121 (1980). In a sufficiency challenge, "all reasonable inferences from the

2

evidence must be drawn in favor of the State and interpreted most strongly against the defendant." *State v. Salinas*, 119 Wn.2d 192, 201, 829 P.2d 1068 (1992).

As Mr. Martin points out, the Ellensburg School District's transportation director never specified whether the school bus stops identified at trial were also active at the time of the offense. However, given the director's tenure with the school district, the testimony was sufficient to permit a jury finding that, at the time of the offense, any location in Ellensburg, including Mr. Martin's home, would have been within 1,000 feet of a school bus stop. This was sufficient to support the conviction.

*Special verdict form*

Mr. Martin next contends the trial court acted without authority to impose the school bus stop sentencing enhancement. He argues that while the court's to-convict instruction to the jury outlined the elements of possession of a controlled substance with intent to deliver, the special verdict form asked whether he delivered a controlled substance within 1,000 feet of a school zone. Thus, he argues the special verdict form referenced a crime different than the one of conviction. As pointed out by the State, no objection was made at trial.

Mr. Martin's argument ignores the language on the special verdict form that very clearly tells the jury to only address the special verdict if they also find Mr. Martin guilty of possession with intent to deliver, which they did. We presume the jury followed its

3

instructions. *See, e.g., State v. Lamar*, 180 Wn.2d 576, 586, 327 P.3d 46 (2014).

Although the special verdict form could have been worded more artfully, there was no

danger that the jury may have imposed the school bus stop enhancement without first

finding Mr. Martin guilty of a qualifying offense, or that they may have failed to find all

of the required elements of the school bus enhancement beyond a reasonable doubt. The

enhancement is sustained.

## Community custody conditions

Mr. Martin next challenges four of his community custody conditions.[1] He argues

conditions 7 and 8 are impermissibly vague and infringe on his right to free association

under the First Amendment to the United States Constitution. He also claims conditions

9 and 10 are not crime related. Community custody conditions are reviewed for abuse of

discretion. *State v. Irwin*, 191 Wn. App. 644, 652, 364 P.3d 830 (2015). The abuse of

discretion standard applies whether this court is reviewing a crime related community

custody condition, or reviewing a community custody condition for being

unconstitutionally vague. *See id.* at 652, 656; *State v. Sanchez Valencia*, 169 Wn.2d 782,

791-92, 239 P.3d 1059 (2010) (vagueness); *State v. Cordero*, 170 Wn. App. 351, 373,

284 P.3d 773 (2012) (crime related).

---

[1] Contrary to the State's contentions, these claims are ripe for review. *State v. Bahl*, 164 Wn.2d 739, 751, 193 P.3d 678 (2008).

4

We begin with Mr. Martin's vagueness challenge to conditions 7 and 8, which provide:

> (7) Defendant shall not associate with persons involved in the use, sales and/or possession of dangerous drugs, narcotics or controlled substances.

> (8) Defendant shall not enter into or remain in areas where dangerous drugs, narcotics, or controlled substances are being sold/purchased, possessed, and/or consumed.

Clerk's Papers (CP) at 166.

Mr. Martin argues these conditions are impermissibly vague because they could encompass interactions with lawful medical providers. He also claims they impinge on his freedom of association. We agree that, as worded, the conditions are overbroad and unclear. There is no precise distinction between "dangerous drugs," "narcotics," and "controlled substances." *Id.* In addition, the conditions are not clearly limited to unlawful drugs, as opposed to substances prescribed by a licensed medical provider. We therefore remand for modification of conditions 7 and 8 and suggest the following wording:

> (7) Defendant shall not associate with persons involved in the unlawful use, sale, and/or possession of controlled substances.

> (8) Defendant shall not enter into or remain in areas where controlled substances are being unlawfully sold/purchased, possessed, and/or consumed.

No. 34037-6-III
*State v. Martin*

This wording addresses Mr. Martin's vagueness concerns and conscribes his associational limitations to individuals actively involved in illegal drug activity. *See State v. Riley*, 121 Wn.2d 22, 37-38, 846 P.2d 1365 (1993) (sentencing conditions may restrict a defendant from associating with individuals involved in illegal activities similar to the offense of conviction).

Mr. Martin's next challenge is that conditions 9 and 10 are not crime related. Those conditions provide:

> (9) Defendant shall not purchase, possess, and/or consume any intoxicating liquors.
>
> (10) Defendant shall not enter into or remain in establishments where alcohol is the main source of revenue. This does not include a restaurant which is attached to but separate from a bar/lounge area.

CP at 167.

Mr. Martin acknowledges the trial court had absolute discretion to prohibit his possession or consumption of alcohol. RCW 9.94A.703(3)(e). But he asserts the trial court exceeded its authority when it also barred him from purchasing alcohol and from entering into certain establishments where alcohol is the main source of revenue because his crime was not alcohol related. We agree with Mr. Martin's contentions as to condition 10, but not 9.

6

The challenge to condition 9 fails based on Mr. Martin's concession that the trial court acted within its discretion in prohibiting the possession or consumption of alcohol. It is difficult to purchase an item without also being in possession of the same. This is particularly true for alcohol, which is highly regulated in order to limit access by end users. The trial court's restriction on purchasing alcohol was logically related to the restriction on possession and consumption. We will not disturb this restriction.

Condition 10 is different. It is not one of the conditions contemplated by RCW 9.94A.703(3)(e). Condition 10 can stand only if it qualifies under RCW 9.94A.703(3)(f) as a condition directly related to the circumstances of the crime of conviction. RCW 9.94A.030(10). This standard is not met. There is no indication alcohol played a role in Mr. Martin's offense. Prohibiting Mr. Martin from entering establishments serving alcohol is not a logical corollary to the prohibition on the possession or consumption of alcohol. On remand this condition shall be stricken. *See State v. Kinzle*, 181 Wn. App. 774, 786, 326 P.3d 870 (2014).

*LFOs*

Mr. Martin raises a number of constitutional challenges to the trial court's imposition of LFOs. No objection was raised in the trial court. Mr. Martin cannot demonstrate that any error in imposing nondiscretionary LFOs was manifestly unconstitutional. *See State v. Mathers*, 193 Wn. App. 913, 376 P.3d 1163, *review denied,*

186 Wn.2d 1015, 380 P.3d 482 (2016) (rejecting similar constitutional claims). We

therefore decline to address his claims for the first time on appeal. RAP 2.5(a).

Mr. Martin also asks that we remand for reconsideration under *State v. Blazina*,

182 Wn.2d 827, 344 P.3d 680 (2015), of the $200 in discretionary LFOs. Mr. Martin was

sentenced after *Blazina*. The trial court did make at least a limited inquiry into Mr.

Martin's ability to pay prior to imposing LFOs. There was no objection to the adequacy

of the court's colloquy. Given the small amount of discretionary LFOs imposed and the

failure to object, we decline to exercise our discretion to review this unpreserved error.

*Scrivener's error*

Mr. Martin's judgment and sentence indicates he was convicted of delivery of a

controlled substance. The jury found him guilty of possession of a controlled substance

with intent to deliver. The parties agree this was a scrivener's error. Remand is

appropriate so Mr. Martin's judgment and sentence can be corrected to accurately reflect

that he was found guilty of possession of methamphetamine with intent to deliver.

*See State v. Munoz-Rivera*, 190 Wn. App. 870, 895, 361 P.3d 182 (2015); *see also*

CrR 7.8(a); RAP 7.2(e).

STATEMENT OF ADDITIONAL GROUNDS

In his statement of additional grounds for review, Mr. Martin challenges the

veracity of the State's evidence and the adequacy of his attorney's investigation and

performance. Full consideration of Mr. Martin's contentions would require an assessment of facts that are not part of the appellate record. The proper avenue for consideration of Mr. Martin's claims is a personal restraint petition, not a direct appeal. *See State v. McFarland*, 127 Wn.2d 322, 335, 899 P.2d 1251 (1995).

## CONCLUSION

Mr. Martin's conviction is affirmed. We remand to the trial court for modification of his community custody conditions and correction of the scrivener's error on his judgment and sentence. We further grant Mr. Martin's request to deny appellate costs.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

_____
Pennell, J.

WE CONCUR:

_____
Fearing, C.J.

_____
Lawrence-Berrey, J.

9