IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | No. 35379-6-III |
| | ) | |
| Respondent, | ) | |
| | ) | |
| v. | ) | UNPUBLISHED OPINION |
| | ) | |
| WINDY SCHATZ, | ) | |
| | ) | |
| Appellant. | ) | |

PENNELL, J. — Windy Schatz appeals a 24-month school bus route stop enhancement, imposed in connection with her conviction for possession with intent to deliver methamphetamine. We affirm.

FACTS

On February 23, 2017, Ms. Schatz was arrested at her residence in Goldendale, Washington, for methamphetamine-related offenses. After Ms. Schatz's arrest, a police officer consulted with a representative from the Goldendale School District and was provided the location for a bus stop near Ms. Schatz's residence. On March 2, eight days after Ms. Schatz's arrest, the officer went out to the school bus route stop and used a rolling device to measure the distance from the bus stop to Ms. Schatz's front door. The officer estimated the distance as 300 feet based on an actual measurement of 281 feet.

Ms. Schatz's case proceeded to a bench trial on May 18, 2017. At trial, the State produced an aerial map documenting the location of Ms. Schatz's house and the school bus route stop. The officer testified and placed a circle on the map to mark the location of the house and an "X" to mark the location of the bus stop. Ex. 4. A representative of the Goldendale School District then testified and affirmed that the area marked with an "X" pertained to an official school bus route stop.

The trial judge convicted Ms. Schatz of one count of possession of methamphetamine with intent to deliver and one count of delivery of methamphetamine. The court also imposed a 24-month school bus route stop enhancement related to the conviction for possession with intent to deliver. Ms. Schatz appeals her sentence enhancement.

## ANALYSIS

*Sufficiency of evidence to support school bus route stop enhancement*

Ms. Schatz argues that the State failed to produce sufficient evidence to support the imposition of the school bus route stop enhancement because the evidence did not prove the existence of the school bus stop on the day of her offense conduct. We disagree with this assessment.

Due process requires the State to prove all elements of the crime beyond a reasonable doubt. *State v. Washington*, 135 Wn. App. 42, 48, 143 P.3d 606 (2006). The

same is true of any sentencing enhancements. *State v. Tongate*, 93 Wn.2d 751, 754-55, 613 P.2d 121 (1980). In a sufficiency challenge, the inquiry is "whether, after viewing the evidence in the light most favorable to the State, any rational trier of fact could have found guilt beyond a reasonable doubt." *State v. Salinas*, 119 Wn.2d 192, 201, 829 P.2d 1068 (1992). All reasonable inferences are drawn in the State's favor, and the evidence is interpreted most strongly against the defendant. *Id*. This court's role is not to reweigh the evidence and substitute its judgment for that of the trier of fact. *State v. Green*, 94 Wn.2d 216, 221, 616 P.2d 628 (1980). Circumstantial evidence and direct evidence carry equal weight. *State v. Kintz*, 169 Wn.2d 537, 551, 238 P.3d 470 (2010).

Under RCW 69.50.435(1)(c), a defendant convicted of possessing a controlled substance with the intent to deliver within 1,000 feet of a school bus route stop is subject to a sentencing enhancement. A mandatory 24-month sentence enhancement is added to the presumptive sentence for a violation of RCW 69.50.435. RCW 9.94A.533(6).

Here, the evidence was sufficient for the fact finder to conclude that the school bus route stop was located within 1,000 feet of Ms. Schatz's residence on the date of her offense. The testifying officer first obtained information regarding the location of the bus stop a few days after Ms. Schatz's arrest. Approximately two months later, a school district official confirmed the location of the bus stop during trial. All the information regarding the bus stop was gathered within the same school year as Ms. Schatz's offense.

No. 35379-6-III
*State v. Schatz*

While it would have been preferable for the school district official to confirm that the location of the bus stop had not changed since the date of Ms. Schatz's offense, the evidence presented was sufficient for the fact finder to make this inference. Ms. Schatz's sufficiency challenge therefore fails.

REQUEST TO STRIKE FEES ASSESSED BY TRIAL COURT

Citing *State v. Ramirez*, __ Wn.2d __, 426 P.3d 714 (2018), Ms. Schatz has filed a supplemental brief requesting that we strike the $200 criminal filing fee and $100 deoxyribonucleic acid (DNA) collection fee imposed by the trial court at sentencing. *Ramirez* was decided after the close of briefing in this case. The decision held that the 2018 amendments[1] to Washington's legal financial obligation scheme apply prospectively to cases on direct review at the time of enactment. Of interest to Ms. Schatz, the 2018 amendments prohibit imposition of a $200 criminal filing fee on defendants who are indigent at the time of sentencing as defined by RCW 10.101.010(3)(a)-(c). RCW 36.18.020(2)(h). Also prohibited is the assessment of a DNA database fee if the State has previously collected the defendant's DNA as a result of a prior felony conviction. RCW 43.43.7541.

The record before us indicates Ms. Schatz's motion is controlled by *Ramirez*.[2]

---

[1] LAWS OF 2018, ch. 269.
[2] The State has not responded to Ms. Schatz's supplemental brief.

4

Specifically, Ms. Schatz was indigent at the time of sentencing and Ms. Schatz's

numerous felony convictions indicate a DNA fee has previously been collected.

Accordingly, we grant Ms. Schatz's request and direct the trial court to strike the $200

filing fee and $100 DNA fee from Ms. Schatz's judgment and sentence.

## CONCLUSION

Because the evidence was sufficient to justify imposition of a school bus route stop

enhancement, the judgment of conviction is affirmed. This matter is remanded with

instructions to strike the $200 filing fee and $100 DNA collection fee from Ms. Schatz's

judgment and sentence.

A majority of the panel has determined this opinion will not be printed in the

Washington Appellate Reports, but it will be filed for public record pursuant to

RCW 2.06.040.

_____
Pennell, J.

WE CONCUR:

_____ _____
Lawrence-Berrey, C.J.      Siddoway, J.

5